■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SCHRECENGOST, Appellant. [710 NYS2d 226] —Judgment unanimously affirmed. Memorandum: Contrary to the People's contention, the waiver by defendant of the right to appeal as a condition of his plea of guilty does not foreclose his present challenge to the voluntariness of the plea (*see, People v Seaberg*, 74 NY2d 1, 10). We reject the contention of defendant that his plea of guilty was not voluntarily entered. He contends that he pleaded guilty only because his codefendant would not be

permitted to plead guilty if defendant failed to do so and his codefendant faced certain conviction if forced to go to trial. "[W]hile a connected plea entailing benefit to a third person can place pressure on a defendant, the 'inclusion of a third-party benefit in a plea bargain is simply one factor for a [trial] court to weigh in making the overall determination whether the plea is voluntarily entered' " (*People v Fiumefreddo,* 82 NY2d 536, 545, quoting *United States v Marquez,* 909 F2d 738, 742, *cert denied* 498 US 1084). The record of the plea establishes that defendant's plea was voluntarily entered (*see, People v Moissett,* 76 NY2d 909, 911). County Court advised defendant of his rights, defendant stated that he understood those rights, and defendant admitted to his participation in the crime as detailed by the court. Contrary to defendant's contention, the court did not abuse its discretion in denying defendant's motion to withdraw the plea (*see,* CPL 220.60 [3]; *People v Muccigrosso,* 269 AD2d 754; *People v Peavy,* 225 AD2d 1082, *lv denied* 88 NY2d 883). Finally, "[w]hen defendant entered a plea of guilty he forfeited his right to claim that he was deprived of a speedy trial under CPL 30.30" (*People v O'Brien,* 56 NY2d 1009, 1010). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Attempted Robbery, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.