*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: July 2, 2015                    106660
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                   MEMORANDUM AND ORDER

MICHAEL COXON,
                    Appellant.
_____

Calendar Date:  June 4, 2015

Before:  Garry, J.P., Rose, Devine and Clark, JJ.

                        _____


        Theodore J. Stein, Woodstock, for appellant.

        Paul Czajka, District Attorney, Hudson (James A. Carlucci
of counsel), for respondent.

                        _____


Devine, J.

        Appeal from a judgment of the County Court of Columbia
County (Nichols, J.), rendered November 12, 2013, convicting
defendant upon his plea of guilty of the crime of failure to
register as a sex offender.

        After defendant neglected to register his change of address
within 10 days of moving, he was charged in a felony complaint
with failure to register as a sex offender.  Pursuant to a
negotiated plea agreement, defendant waived indictment and
pleaded guilty to a superior court information charging him with
failure to register as a sex offender and waived his right to
appeal.  County Court agreed to sentence defendant to no more
than one year in jail, but warned him that a greater sentence was
possible if he failed to appear for sentencing.  Thereafter,

defendant failed to appear for sentencing, prompting County Court to sentence defendant in abstentia to a prison term of 1 to 3 years. Defendant appeals.

We are unpersuaded by defendant's contention that County Court did not acquire jurisdiction to conduct the plea hearing. Although defendant points to the fact that the record does not indicate, among other things, that the matter was held over for grand jury action, "the transfer of [his] case to County Court is evidence that he was held by a local criminal court for grand jury action, and a mere void in the record is insufficient to establish his claim" that the statutory requirements were not met (People v Simmons, 110 AD3d 1371, 1372 [2013] [internal quotation marks and citation omitted]). Additionally, the record establishes that defendant not only waived a preliminary hearing, but signed a waiver of indictment in open court, which was consented to by the People, whereupon County Court executed an order approving waiver of indictment. Given the presumption of regularity accorded to judicial proceedings and the lack of any evidence by defendant to rebut that presumption, we find the waiver of indictment to be valid (see People v Simmons, 110 AD3d at 1372-1373; People v Hauenstein, 106 AD3d 1339, 1339-1340 [2013], lv denied 21 NY3d 1042 [2013]).

Defendant's contention that the enhanced sentence is harsh and excessive is not barred under the terms of his appeal waiver; nevertheless, we find it to be without merit.

Garry, J.P., Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court