# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1156

KA 13-00424

PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

DANZEL ROLAND, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered February 15, 2013.  The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the periods of postrelease supervision imposed shall run concurrently and as modified the judgment is affirmed.

Memorandum:  On appeal from a judgment convicting him upon his plea of guilty of two counts of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that his waiver of the right to appeal is invalid.  We need not address that contention inasmuch as the waiver would not foreclose his remaining contentions, i.e., that the plea was involuntary (*see People v Schrecengost*, 273 AD2d 937, 937, *lv denied* 95 NY2d 938), and that the sentence is illegal (*see People v Stachnik*, 101 AD3d 1590, 1592, *lv denied* 20 NY3d 1104). Defendant failed to preserve for our review his contention that his plea was rendered involuntary by the statement of County Court, "without mention of the mitigating circumstances provision of Penal Law § 70.25 (2-b), that his sentences were required to be consecutive" (*People v Zelaya*, 253 AD2d 686, 686, *lv denied* 92 NY2d 1041).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

We agree with defendant, however, that the court erred in imposing consecutive periods of postrelease supervision.  Penal Law § 70.45 (5) (c) requires that such periods merge and are satisfied by the service of the longest unexpired term (*see People v Allard*, 107

AD3d 1379, 1379).  We therefore modify the judgment accordingly.

Frances E. Cafarell
                                                                     Clerk of the Court