People v Apelles (2020 NY Slip Op 04206)





People v Apelles


2020 NY Slip Op 04206


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

110289

[*1]The People of the State of New York, Respondent,
v
Hans Apelles, Appellant.

Calendar Date: June 10, 2020

Before: Garry, P.J., Clark, Mulvey, Aarons and Colangelo, JJ.


John B. Casey, Cohoes, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered September 22, 2017, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant was charged in a five-count indictment with burglary in the second degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a controlled substance in the seventh degree and petit larceny. In satisfaction of that indictment, defendant agreed to plead guilty to burglary in the second degree with the understanding that he would be sentenced to a prison term of 10 years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Following defendant's guilty plea, County Court sentenced defendant to a prison term of seven years followed by five years of postrelease supervision. This appeal ensued.
Defendant initially contends that County Court either exceeded its authority or abused its discretion in not approving the People's initial plea offer, which included a state prison term that could have been a minimum of 3½ years. We disagree. "A trial court is not required to accept every offer of a plea merely because the defendant wishes to enter a plea and may reject a plea offer in the exercise of sound judicial discretion" (People v Demegall, 63 AD3d 34, 36-37 [2009] [internal quotation marks, brackets and citation omitted], lv denied 12 NY3d 924 [2009]). The fact that a "plea bargain ha[s] been found acceptable to both the prosecution and defense" does not compel its acceptance by the trial court (People v Smith, 272 AD2d 679, 682 [2000], lv denied 95 NY2d 938 [2000]). Given the nature of the underlying crime, and absent evidence of bias or other malfeasance on the part of County Court, we cannot say that the court abused its discretion in rejecting the People's plea offer.
Defendant's further assertion — that his waiver of the right to appeal is invalid because it was predicated upon the People's initial offer of a minimum term of imprisonment (3½ years) — is belied by the record. Defendant was advised on multiple occasions — prior to both the oral waiver colloquy and defendant's execution of the written waiver of appeal in open court — that the contemplated prison term was 10 years. Because defendant raises no other challenge to the waiver of appeal, and as we discern no infirmity with respect thereto (compare People v Thomas, 34 NY3d 545, 562-563 [2019]; People v Barrales, 179 AD3d 1313, 1314-1315 [2020]), we find the waiver to be valid. Given the valid appeal waiver, defendant's challenge to the severity of the sentence, which was less than County Court originally promised, is precluded (see People v Gumbs, 182 AD3d 701, 703 [2020]; People v Weidenheimer, 181 AD3d 1096, 1097 [2020]).
Finally, although defendant's challenge to the voluntariness of his plea survives the valid appeal waiver, this issue is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Schmidt, 179 AD3d 1384, 1385 [2020]; People v Huntley, 177 AD3d 1032, 1033 [2019], lv denied 34 NY3d 1131 [2020]; People v Major, 176 AD3d 1257, 1258 [2019], lv denied 34 NY3d 1017 [2019]). Defendant's related assertion — that the plea allocution was factually insufficient — is precluded by the valid appeal waiver (see People v Sablan, 177 AD3d 1024, 1027 [2019], lv denied 34 NY3d 1132 [2020]; People v O'Neill, 172 AD3d 1778, 1779 [2019], lv denied 34 NY3d 953 [2019]). As defendant did not make any statements during the plea colloquy that negated an element of the crime, cast doubt upon his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement was not triggered (see People v Schmidt, 179 AD3d at 1385; People v Mackie, 177 AD3d 1192, 1193 [2019], lv denied 34 NY3d 1130 [2020]). In any event, defendant was not required to "acknowledge[] committing every element of the pleaded-to offense or provide[] a factual exposition for each element [there]of" (People v Seeber, 4 NY3d 780, 781 [2005] [internal citation omitted]), and "the fact that County Court apprised defendant of his maximum [potential] sentencing exposure did not amount to coercion" (People v Mitchell, 166 AD3d 1233, 1234 [2018], lv denied 33 NY3d 979 [2019]; see People v Mills, 146 AD3d 1173, 1174-1175 [2017]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.