People v Gassner (2021 NY Slip Op 02192)





People v Gassner


2021 NY Slip Op 02192


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

110579 112017
[*1]The People of the State of New York, Respondent,
v
Jason S. Gassner, Appellant.

Calendar Date:March 18, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Erin C. Morigerato, Albany, for appellant.
Joseph G. Fazzary, District Attorney, Watkins Glen (John C. Tunney of counsel), for respondent.



Lynch, J.
Appeals (1) from a judgment of the County Court of Schuyler County (Morris, J.), rendered May 17, 2018, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree, and (2) by permission, from an order of said court, entered May 2, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In January 2017, defendant was arraigned in the Village of Watkins Glen Justice Court in Schuyler County on a felony complaint charging him with grand larceny in the fourth degree; he was served with a grand jury notice and advised of his right to a preliminary hearing. Shortly thereafter, defendant was remanded to state prison to begin serving a sentence for an unrelated parole violation. In April 2017, defendant appeared in County Court, at which time the court, sitting as the local criminal court, rearraigned defendant on the felony complaint and ordered him held for grand jury action. Defendant then waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with grand larceny in the fourth degree.
Under the terms of the plea agreement, defendant would plead guilty as charged, and his sentencing would be adjourned pending his release from state prison on the parole violation; at that point, defendant would be released on his own recognizance for 60 days — subject to various terms and conditions — pending sentencing upon his conviction for grand larceny. If defendant complied with the relevant terms and conditions, he would be permitted to withdraw his plea and plead guilty to petit larceny, whereupon he would be sentenced to one year in the local jail; if unsuccessful, his plea to grand larceny in the fourth degree would stand, and defendant was advised that the People would seek an indeterminate prison term of 2 to 4 years. Defendant pleaded guilty in conformity with the agreement and waived his right to speedy sentencing, and the matter was adjourned.
Prior to sentencing, defendant was arrested in violation of the plea agreement; in response to this development, defendant requested and was assigned new counsel and moved to withdraw his guilty plea. That motion was denied, and sentencing was adjourned until May 2018. At sentencing, defense counsel acknowledged that, in light of defendant's subsequent arrest, there was "an agreed-upon disposition of [2] to [4] years" in prison, but asked that County Court consider defendant for participation in the Willard drug treatment program. County Court sentenced defendant to the contemplated term of imprisonment, and defendant appeals. Defendant's subsequent pro se motion to vacate the judgment of conviction pursuant to CPL 440.10 was denied, and defendant appeals, by permission, from County Court's order.
Defendant initially contends that the waiver of indictment and resulting superior court information were invalid absent evidence that he was held over for action by [*2]the grand jury (see CPL 195.10). Although not forfeited by defendant's guilty plea (see People v Clark, 169 AD3d 916, 917 [2019], lv denied 33 NY3d 975 [2019]; People v Davenport, 106 AD3d 1197, 1197 [2013], lv denied 21 NY3d 1073 [2013]), we find this argument unavailing. Even assuming, without deciding, that the local criminal court did not initially hold defendant for action by the grand jury, the record reflects that County Court — sitting in a hybrid capacity — rearraigned defendant on the underlying felony complaint. After defendant, through counsel, acknowledged receipt of the felony complaint and waived his right to a preliminary hearing (see People v Anderson, 149 AD3d 766, 767 [2017]), the court transferred the matter from the local criminal court to County Court and ordered defendant held for action by the grand jury (see People v Cicio, 157 AD3d 651, 651 [2018], lv denied 31 NY3d 982 [2018]; People v Coxon, 130 AD3d 1098, 1099 [2015], lv denied 26 NY3d 1087 [2015]; People v Davenport, 106 AD3d at 1197). Additionally, defendant signed a waiver of indictment in open court, and County Court's order approving the waiver of the indictment expressly indicated that such waiver conformed with the requirements of CPL 195.10 (see People v Simmons, 110 AD3d 1371, 1372 [2013]; People v Davenport, 106 AD3d at 1197). "Given the presumption of regularity accorded to judicial proceedings and the lack of any evidence by defendant to rebut that presumption, we find the waiver of indictment to be valid" (People v Coxon, 130 AD3d at 1099 [citations omitted]; see People v Davenport, 106 AD3d at 1198).
To the extent that defendant's various challenges to the voluntariness of his plea were preserved by his unsuccessful motion to withdraw his plea, we find such claims to be lacking in merit.[FN1] Defendant contends that he was coerced into pleading guilty, was under the influence of Suboxone when he entered his plea, had not been advised of a potential intoxication defense and did not actually recall the crime in question. These assertions are belied by defendant's sworn statements during the plea colloquy, wherein he expressly denied being under the influence of drugs or alcohol, assured County Court that he was pleading guilty "voluntarily and of [his] own free will" and acknowledged that he was relinquishing any defenses to the charged crime. As to the crime itself, defendant stated, "I do remember taking the televisions from [Walmart]. So I guess I have to admit that." Defendant's remaining claims — that his resulting plea was invalid due to County Court's failure to apprise him of his maximum sentencing exposure and that the court's recitation of defendant's Boykin rights was insufficient — are unpreserved for our review, as defendant did not raise such grounds in his motion to withdraw his plea (see People v Booker, 159 AD3d 1221, 1222 [2018], lv denied 31 NY3d 1145 [2018]), and — contrary to defendant's assertion — the narrow exception to the preservation [*3]requirement is inapplicable.
With respect to defendant's ineffective assistance of counsel claim, which is premised upon both record and nonrecord facts (see CPL 440.10 [1] [h]), we are not persuaded that County Court erred in denying defendant's CPL 440.10 motion to vacate the judgment of conviction without a hearing. "On a motion to vacate a judgment of conviction, a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief" (People v Stanley, 189 AD3d 1818, 1819 [2020] [internal quotation marks, brackets and citations omitted]; see People v Blanford, 179 AD3d 1388, 1394 [2020], lv denied 35 NY3d 968 [2020]). No such showing was made here.
For reasons set forth above, defendant's assertion in his CPL article 440 motion that the waiver of indictment was invalid is without merit, and defense counsel cannot be faulted for failing to raise an issue that had "little or no chance of success" (People v Thacker, 173 AD3d 1360, 1362 [2019] [internal quotation marks and citation omitted], lv denied 34 NY3d 938 [2019]; accord People v Swain, 168 AD3d 1130, 1134 [2019], lv denied 34 NY3d 938 [2019]). Similarly, in light of defendant's sworn statements during the plea allocution, including his assurances that he was satisfied with counsel's services, defendant's renewed claims that he did not recall committing the underlying crime and that his plea was coerced are both contradicted by the record and unsupported by any other evidence (see CPL 440.30 [4] [d]; People v Stanley, 189 AD3d at 1820). Although defendant faults counsel for failing to author a more persuasive motion to withdraw defendant's plea and to explore potential defenses to the underlying crime (despite the existence of video evidence documenting defendant's participation therein), we are not persuaded that such allegations, either individually or collectively, demonstrate that defendant was denied meaningful representation (see People v Blanford, 179 AD3d at 1394). In short, "no hearing was required . . . as defendant's arguments could properly be resolved based upon the contents of the record and defendant's proffered affidavit in support [of his motion] failed to demonstrate that the nonrecord facts sought to be established [were] material and would entitle him to relief" (People v Blanford, 179 AD3d at 1395 [internal quotation marks, brackets and citation omitted]).
Finally, defendant's belated challenge to the restitution imposed is unpreserved for our review, as defendant neither contested the amount of restitution at the time of sentencing nor requested a restitution hearing (see People v Taft, 169 AD3d 1266, 1267 [2019], lv denied 33 NY3d 1074 [2019]). Defendant's remaining contentions, including his claim that the sentence imposed was harsh and excessive, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that [*4]the judgment and order are affirmed.



Footnotes

Footnote 1: As the record does not reflect that defendant was required to waive his right to appeal as part of the plea agreement, defendant's arguments relative thereto need not detain us.