People v Price (2021 NY Slip Op 03964)





People v Price


2021 NY Slip Op 03964


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


540 KA 19-00981

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COLTON PRICE, DEFENDANT-APPELLANT. 






CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
MARK S. SINKIEWICZ, DISTRICT ATTORNEY, WATERLOO (MELISSA K. SWARTZ OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Seneca County Court (Richard M. Healy, A.J.), rendered August 27, 2018. The judgment convicted defendant, upon a plea of guilty, of sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65 [1]), arising from allegations that defendant and his brother engaged in sexual misconduct with the victim. Defendant contends that his waiver of indictment was jurisdictionally defective on the ground that County Court (Bender, J.), while acting in its capacity as the local criminal court, violated CPL 195.10 by failing to properly hold defendant for action of a grand jury. Although we agree with defendant that this particular contention need not be preserved for our review (see People v Boston, 75 NY2d 585, 589 n [1990]; cf. People v Thomas, 34 NY3d 545, 568 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]), is not forfeited by his guilty plea (see People v Anderson, 149 AD3d 766, 766-767 [2d Dept 2017]), and would not be precluded by a valid waiver of the right to appeal (see People v Waid, 26 AD3d 734, 734-735 [4th Dept 2006], lv denied 6 NY3d 839 [2006]), we nevertheless conclude that it lacks merit.
CPL 195.10 (1) provides that "[a] defendant may waive indictment and consent to be prosecuted by superior court information when," among other requirements, "a local criminal court has held the defendant for the action of a grand jury" (CPL 195.10 [1] [a]). "Being so 'held' for the action of a [g]rand [j]ury involves the filing of a felony complaint on which defendant has been arraigned and a finding after a preliminary hearing (unless waived by defendant) that reasonable cause exists to believe that defendant committed a felony" (People v Barber, 280 AD2d 691, 692 [3d Dept 2001], lv denied 96 NY2d 825 [2001]; see People v D'Amico, 76 NY2d 877, 879 [1990]).
Here, despite the absence of an order issued by the court, the record establishes that defendant was properly held for the action of a grand jury inasmuch as defendant acknowledged that he received the felony complaint upon which he was arraigned and waived his right to a preliminary hearing (see People v Gassner, 193 AD3d 1182, 1184 [3d Dept 2021]; Anderson, 149 AD3d at 767), and the court immediately transferred over the case from its capacity as the local criminal court to its capacity as County Court (see People v Fox, 158 AD3d 591, 591 [1st Dept 2018], lv denied 31 NY3d 1081 [2018]; People v Cicio, 157 AD3d 651, 651 [1st Dept 2018], lv denied 31 NY3d 982 [2018]; People v Davenport, 106 AD3d 1197, 1197 [3d Dept 2013], lv denied 21 NY3d 1073 [2013]). We also note that defendant signed in open court the waiver of indictment in which he consented to being prosecuted by superior court information (SCI), and the court's order approving the waiver stated that the waiver complied with the provisions of CPL 195.10 (see Gassner, 193 AD3d at 1184; People v Simmons, 110 AD3d 1371, 1372 [3d Dept 2013]; Barber, 280 AD2d at 693). We thus reject defendant's contention that the [*2]waiver of indictment was jurisdictionally defective.
Contrary to defendant's contention, his further challenge to the SCI was forfeited by his guilty plea (see generally Thomas, 34 NY3d at 569) and, in any event, is not preserved for our review inasmuch as "[a] purported error or insufficiency in the facts of an indictment or information to which a plea is taken does not constitute a nonwaivable jurisdictional defect and must be raised in the trial court" (People v Milton, 21 NY3d 133, 137 n [2013]; see generally People v Iannone, 45 NY2d 589, 600 [1978]).
Defendant next contends that County Court (Healy, A.J.) abused its discretion in denying his motion to withdraw his guilty plea following a hearing. Although defendant's contention would survive even a valid waiver of the right to appeal (see Thomas, 34 NY3d at 558; People v Carr, 147 AD3d 1506, 1506 [4th Dept 2017], lv denied 29 NY3d 1030 [2017]), we nonetheless conclude that it lacks merit for the reasons that follow.
Defendant asserts in particular that his plea was entered under duress because the plea bargain was linked to that offered to his brother, thereby making it difficult to independently decide whether to accept the plea, and because he was pressured into accepting that bargain by his former attorney. It is well established that, "so long as the plea agreement is voluntarily, knowingly and intelligently made, the fact that it is linked to the prosecutor's acceptance of a plea bargain favorable to a third person does not, by itself, make [a] defendant's plea illegal" (People v Fiumefreddo, 82 NY2d 536, 544 [1993]). "[W]hile a connected plea entailing benefit to a third person can place pressure on a defendant, the 'inclusion of a third-party benefit in a plea bargain is simply one factor for a [trial] court to weigh in making the overall determination whether the plea is voluntarily entered' " (id. at 545; see People v Schrecengost, 273 AD2d 937, 938 [4th Dept 2000], lv denied 95 NY2d 938 [2000]).
Here, the hearing testimony of the former attorneys for defendant and his brother belies defendant's claim that he was coerced and had insufficient time to discuss the linked plea bargain during a meeting prior to the plea proceeding, and we see no basis to disturb the court's determination to credit the testimony of the former attorneys over that of defendant (see People v Henderson, 169 AD3d 1521, 1522 [4th Dept 2019], lv denied 33 NY3d 977 [2019]; People v Stephens, 6 AD3d 1123, 1124 [4th Dept 2004], lv denied 3 NY3d 663 [2004], reconsideration denied 3 NY3d 682 [2004]; see generally People v Santos, 244 AD2d 897, 897 [4th Dept 1997]). With respect to the advice provided during the meeting, "the fact '[t]hat [former defense] counsel made defendant aware of his sentencing exposure cannot be a basis for finding coercion' " (People v Humber, 35 AD3d 1209, 1209 [4th Dept 2006], lv denied 8 NY3d 923 [2007]; see People v Days, 150 AD3d 1622, 1624 [4th Dept 2017], lv denied 29 NY3d 1125 [2017]). Likewise, "[former] defense counsel's advice that [defendant] was unlikely to prevail at trial and that he would likely receive a harsher sentence if convicted after trial . . . does not constitute coercion" (People v Griffin, 120 AD3d 1569, 1570 [4th Dept 2014], lv denied 24 NY3d 1084 [2014]; see People v Schluter, 136 AD3d 1363, 1364 [4th Dept 2016], lv denied 27 NY3d 1138 [2016]). Upon weighing the totality of the circumstances, we conclude that the record establishes that defendant's plea was entered voluntarily, knowingly and intelligently (see Fiumefreddo, 82 NY2d at 545-547; Schrecengost, 273 AD2d at 938; Santos, 244 AD2d at 897).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court