People v Deskin (2022 NY Slip Op 00698)





People v Deskin


2022 NY Slip Op 00698


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

111732
[*1]The People of the State of New York, Respondent,
v
Jason A. Deskin, Appellant.

Calendar Date:January 7, 2022

Before:Garry, P.J., Egan Jr., Aarons and Colangelo, JJ.

Kathryn Friedman, Buffalo, for appellant.
Kirk O. Martin, District Attorney, Owego (Torrance L. Schmitz of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered February 4, 2019, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts).
Defendant waived indictment and pleaded guilty to two counts of criminal sale of a controlled substance in the third degree as charged in a superior court information, admitting that he sold heroin and methamphetamine on two occasions. As part of the plea agreement, defendant was granted a furlough to get his affairs in order after being warned of the consequences of failing to abide by the conditions of his release. Defendant, however, failed to appear on the designated date. On the day scheduled for sentencing, defendant raised the issue that his assigned counsel had a conflict of interest, asserting that counsel had represented the confidential informant and a codefendant. Defense counsel consented to being relieved, acknowledging that he may have represented the confidential informant, and indicated that defendant had expressed an interest in withdrawing his guilty plea. The Assistant District Attorney was unaware of the identity of the informant used in the charged drug sales. County Court postponed sentencing and appointed substitute counsel. At sentencing, defendant, represented by substitute counsel, accepted the court's proposal that he would be sentenced in accordance with the original plea agreement without enhancement for his failure to return following his furlough and, in exchange, he would agree not to move to withdraw his guilty plea. Defendant was then sentenced on each count, as an acknowledged second felony offender, to the agreed-upon prison term of seven years to be followed by three years of postrelease supervision, to be served concurrently. Defendant appeals.
We affirm. Defendant argues that his guilty plea was involuntary in that his initial assigned counsel was ineffective due to a conflict of interest. However, this claim is unpreserved for our review as defendant, represented by substitute counsel, did not make an appropriate motion to withdraw his guilty plea despite an opportunity to do so (see CPL 220.60 [3]; People v Steele, 181 AD3d 972, 973 [2020]; People v Patterson, 177 AD3d 1027, 1028 [2019], lv denied 34 NY3d 1131 [2020]). In fact, he expressly declined to make such a motion in exchange for more favorable sentencing. Contrary to defendant's claim, he "did not make any statements during the plea colloquy that negated an element of the crime, cast doubt upon his guilt or otherwise called into question the voluntariness of his plea" and, thus, "the narrow exception to the preservation requirement was not triggered" (People v Apelles, 185 AD3d 1298, 1299 [2020], lv denied 35 NY3d 1092 [2020]; see People v Tyrell, 22 NY3d 359, 363-364 [2013]; People v Lopez, 71 NY2d 662, 665-666 [1988]). Were we to review this claim, we would find that the record before us does not establish [*2]that an actual or potential conflict of interest existed. To the extent that there may have been a potential conflict of interest, defendant has not shown that it "operated on the defense" in any respect during the plea allocution (People v Wright, 27 NY3d 516, 521 [2016]; see People v Sanchez, 21 NY3d 216, 223 [2013]; People v Gibson, 185 AD3d at 1101, 1102 [2020], lv denied 35 NY3d 1066 [2020]). Defendant's contentions, insofar as they rely on matters outside of the record, are more properly the subject of a motion to vacate pursuant to CPL article 440 (see People v Sanchez, 21 NY3d at 219-220, 224-225; People v Patterson, 177 AD3d at 1028).
Garry, P.J., Egan Jr. and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.