People v Greene (2022 NY Slip Op 04326)

People v Greene

2022 NY Slip Op 04326

Decided on July 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 7, 2022

111179
[*1]The People of the State of New York, Respondent,
v
Nathaniel Greene, Appellant.

Calendar Date:May 31, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and McShan, JJ.

Mark Diamond, Albany, for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered November 21, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
In satisfaction of a single-count indictment, defendant pleaded guilty to the reduced charge of attempted criminal possession of a weapon in the second degree and agreed to waive his right to appeal. County Court sentenced defendant, in accordance with the terms of the plea agreement, to a prison term of three years followed by three years of postrelease supervision. Defendant appeals, and we affirm.
Initially, this Court has found the "exact written waiver [in this matter], utilized by the Albany County District Attorney's office, to be overly broad" (People v Stratton, 201 AD3d 1201, 1202 [2022], lv denied 38 NY3d 1036 [2022]), and the plea colloquy did not cure that "defect by ensuring that defendant understood that some appellate rights survive the appeal waiver" (People v Robinson, 195 AD3d 1235, 1236 [2021]). Accordingly, defendant's waiver of the right to appeal is invalid.
Defendant's further challenges to the voluntariness and factual sufficiency of the plea are unpreserved for our review, as the record does not reflect that he made an appropriate postallocution motion despite having had an opportunity to do so (see People v Williams, 189 AD3d 1978, 1981 [2020], lv denied 37 NY3d 1165 [2022]; People v Apelles, 185 AD3d 1298, 1299 [2020], lv denied 35 NY3d 1092 [2020]). Defendant made no statements during the plea colloquy that negated an element of the crime, cast doubt upon his guilt or otherwise called into question the voluntariness of the plea so as to trigger the narrow exception to the preservation requirement (see People v Rhodes, 203 AD3d 1316, 1317 [2022]; People v Apelles, 185 AD3d at 1299). To the extent that defendant contends that the plea allocution did not establish all of the elements of the crime, "we note that the exception to the preservation rule applies only where a recitation of facts casts significant doubt on a defendant's guilt and not, as here, where the sufficiency of the articulation of the element is challenged" (People v Velazquez, 194 AD3d 1181, 1183 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 995 [2021]).
Turning to the issues advanced in defendant's supplemental pro se brief, his various arguments for suppression of evidence are unpreserved in view of his failure to move for suppression before County Court (see People v Bevilacqua, 91 AD3d 1120, 1121 n [2012]; People v Garcia, 30 AD3d 833, 834 [2006]). Defendant's related allegation that he was denied the effective assistance of counsel because counsel failed to obtain body camera footage of his encounter with the police does "not relate[] to the plea bargaining process or the voluntariness of the plea and, therefore, [is] forfeited by his guilty plea" (People v Cross, 165 AD3d 1315, 1316 [[*2]2018]; see People v Petgen, 55 NY2d 529, 534-535 [1982]).
Finally, defendant contends that the indictment is jurisdictionally defective for failing to allege that the home or place of business exception to the charged crime was inapplicable (see Penal Law § 265.03 [3]). Although that contention survives his guilty plea (see People v Iannone, 45 NY2d 589, 600 [1978]; People v Chata, 8 AD3d 674, 675 [2004], lv denied 3 NY3d 672 [2004]), it is without merit. The indictment "allege[d] the fact that [made the home or business exception] inapplicable" — namely, that "the alleged possession took place somewhere else," in a public park — and defendant admitted during the plea colloquy that he possessed the weapon in that park (People v Jones, 22 NY3d 53, 59-60 [2013]; see People v Wallace, 31 NY3d 503, 508-510 [2018]; People v Powell, 54 NY2d 524, 530-531 [1981]; compare People v Rodriguez, 68 NY2d 674, 675 [1986]).[FN1]
Garry, P.J., Clark, Aarons and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: We also note that, although the People do not appear to have relied upon the fact in charging defendant, the record suggests that defendant has a prior conviction. "[W]here the defendant has a previous conviction, the [home or business] exception never comes into play, its inapplicability is not an element of the offense, and the indictment need not allude to it" (People v Jones, 22 NY3d at 60; see Penal Law §§ 265.02 [1]; 265.03 [3]).