People v Knowlton (2022 NY Slip Op 04765)

People v Knowlton

2022 NY Slip Op 04765

Decided on July 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 28, 2022

111642
[*1]The People of the State of New York, Respondent,
v
Chad R. Knowlton, Appellant.

Calendar Date:June 17, 2022

Before:Lynch, J.P., Clark, Aarons, Ceresia and McShan, JJ.

Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for respondent.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.

Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered December 12, 2018, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the first degree.
Defendant pleaded guilty to a superior court information charging him with course of sexual conduct against a child in the first degree and agreed to waive his right to appeal. County Court denied defendant youthful offender status and, consistent with the terms of the plea agreement, sentenced him to 20 years in prison followed by 20 years of postrelease supervision, to run concurrent with the federal prison term that defendant was currently serving. Defendant appeals.
We agree with defendant that his appeal waiver is invalid. Defendant executed a written waiver after conferring with counsel, which indicated that it was applicable to, among other things, "any other matter which [defendant] may have an appeal as of right or otherwise." Such language erroneously suggested that defendant's waiver of his right to appeal was an absolute bar to any appeal (see People v Figueroa, 192 AD3d 1269, 1270 [2021]; compare People v Thomas, 34 NY3d 545, 564 [2019]; People v Vittengl, 203 AD3d 1390, 1391 [2022]; People v Mirel, 194 AD3d 1198, 1199 [2021]). Moreover, County Court did not cure the defect in the waiver by providing sufficient instruction "ensuring that defendant understood that some appellate and collateral review survived the waiver" (People v Figueroa, 192 AD3d at 1270; see People v Mayo, 195 AD3d 1313, 1314 [2021]). Given the invalid waiver, defendant's challenge to the sentence imposed is not precluded (see People v Torres, 205 AD3d 1211, 1212 [2022]). Nevertheless, upon our review of the record, which reflects that defendant engaged in a protracted period of sexual conduct with the victim, who was six years old when the abuse began, we do not find that the sentence imposed — which was consistent with the terms of the plea agreement — is unduly harsh or severe (see CPL 470.15 [6] [b]).
Lynch, J.P., Clark, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.