People v Wheeler (2023 NY Slip Op 02718)

People v Wheeler

2023 NY Slip Op 02718

Decided on May 18, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 18, 2023

112190
[*1]The People of the State of New York, Respondent,
v
Edward Wheeler, Appellant.

Calendar Date:March 29, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Morgan L. Cosentino of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Warren County (John S. Hall Jr., J.), rendered May 15, 2019, convicting defendant upon his plea of guilty of the crimes of possession of a sexual performance by a child, criminal solicitation in the third degree and attempted dissemination of indecent material to a minor in the first degree.
Defendant was charged in a 13-count indictment with, among other offenses, various sex crimes. After rejecting the People's initial plea offer and following additional negotiations, defendant was afforded the opportunity to plead guilty to one count each of possession of a sexual performance by a child, criminal solicitation in the third degree and attempted dissemination of indecent material to a minor in the first degree with the understanding that he would be sentenced as a second felony offender to an aggregate prison term of 6 to 12 years. The plea agreement also required defendant to waive his right to appeal. Defendant entered an Alford plea to the subject crimes, and the matter proceeded immediately to sentencing, at which time County Court sentenced defendant upon each conviction to a prison term of 2 to 4 years — said terms to run consecutively. This appeal ensued.
Preliminarily, we reject defendant's assertion that the waiver of appeal is invalid. Although the People concede that the written waiver contained overbroad language and, hence, was insufficient to establish defendant's valid waiver of the right to appeal, we are satisfied that County Court's oral colloquy demonstrated that defendant understood the ramifications of the right relinquished. County Court explained the nature of the waiver of appeal and advised defendant that such waiver was separate and distinct from the trial-related rights that defendant would be forfeiting by pleading guilty. Defendant indicated that he understood County Court's explanation of the waiver but further inquired. County Court's response indicated that certain rights remained. This exchange, in our view, demonstrates that defendant understood that some appellate review survived the waiver, leading us to conclude that defendant validly waived his right to appeal (see People v Vittengl, 203 AD3d 1390, 1391 [3d Dept 2022]; compare People v Magee, 207 AD3d 1003, 1003-1004 [3d Dept 2022]; People v Knowlton, 207 AD3d 1002, 1002-1003 [3d Dept 2022]). Given the valid appeal waiver, defendant's challenge to the agreed-upon sentence imposed is precluded (see People v Blackburn, 210 AD3d 1238, 1240 [3d Dept 2022]).
Although defendant's challenge to the voluntariness of his Alford plea normally would require preservation via an appropriate postallocution motion, County Court sentenced defendant immediately following defendant's guilty plea and, hence, "defendant had no practical opportunity to move to withdraw his plea prior to sentencing" (People v Pace, 192 AD3d 1274, 1275 [3d Dept 2021] [internal quotation marks and citation omitted], lv denied 37 NY3d 973 [2021]; see [*2]People v Wright, 154 AD3d 1015, 1016 [3d Dept 2017], lv denied 30 NY3d 1065 [2017]). Accordingly, this argument is properly before us. As to the merits, an Alford plea is permissible where "it is the product of a voluntary and rational choice, and the record before the court contains strong evidence of actual guilt" (Matter of Silmon v Travis, 95 NY2d 470, 475 [2000]; see People v Vittengl, 203 AD3d at 1391-1392; People v Herron, 199 AD3d 1476, 1477 [4th Dept 2021]). In this regard, the record reflects that defendant had reviewed "all" of the discovery materials upon which the People relied and had discussed the strength and implications thereof with counsel, as a result of which defendant elected to enter an Alford plea in an effort to avoid a lengthier period of incarceration (see People v Tchiyuka, 160 AD3d 1488, 1489 [4th Dept 2018]; People v Morehouse, 140 AD3d 1202, 1203 [3d Dept 2016], lv denied 28 NY3d 934 [2016]). As the record both demonstrates that defendant's decision in this regard was the product of a voluntary and rational choice and contains strong evidence of defendant's guilt, the court's acceptance of the Alford plea was proper (see People v Tchiyuka, 160 AD3d at 1489; People v Hinkle, 56 AD3d 1210, 1210 [4th Dept 2008]; People v Kyzer, 21 AD3d 1212, 1213-1214 [3d Dept 2005]).
Defendant's challenge to the legal sufficiency of the evidence before the grand jury, as well any argument addressed to the adequacy or accuracy of the instructions to the grand jury, is foreclosed by his guilty plea (see People v Torres, 199 AD3d 1076, 1077-1078 [3d Dept 2021], lv denied 37 NY3d 1165 [2022]; People v King, 185 AD3d 1090, 1090-1091 [3d Dept 2020]; People v Suddard, 164 AD3d 950, 951 [3d Dept 2018], lv denied 32 NY3d 1178 [2019]). Defendant's related assertion — that the indictment was jurisdictionally defective regarding, as relevant here, count 9 charging attempted dissemination of indecent material to a minor in the first degree — survives his valid appeal waiver and guilty plea (see People v Mathis, 185 AD3d 1094, 1096 [3d Dept 2020]; People v Danielson, 170 AD3d 1430, 1432 [3d Dept 2019], lv denied 33 NY3d 1030 [2019], cert denied ___ US ___, 140 S Ct 486 [2019]) but is unpersuasive. "An indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime — for instance, if it fails to allege that the defendant committed acts constituting every material element of the crime charged" (People v Turner, 202 AD3d 1375, 1376 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1036 [2022]; see People v Hardie, 211 AD3d 1418, 1419 [3d Dept 2022], lv denied 39 NY3d 1111 [2023]). Inasmuch as count 9 of the indictment incorporated by reference the specific provisions of the Penal Law under which defendant was charged (see Penal Law §§ 110.00, 235.22), this count of the indictment was not jurisdictionally defective (see People v Mathis, 185 AD3d at [*3]1096; People v Wilburn, 158 AD3d 894, 894 [3d Dept 2018], lv denied 31 NY3d 1123 [2018]).
Defendant's further claim — that the act of one person handing an SD card depicting nudity to another does not constitute a "communication" within the meaning of Penal Law § 235.22 (1) and, hence, is not actually a crime — is equally unpersuasive. Simply put, it is commonly understood that an SD card requires some form of electronic medium (such as a computer, smartphone or similar device) (see Penal Law § 156.00 [1]) and corresponding data processing program (see Penal Law § 156.00 [2]) in order for the contents stored on the SD card (see Penal Law § 156.00 [3]) to be accessed by and communicated to another. In our view, the devices, programs, data and materials referenced in Penal Law § 156.00 bring the conduct alleged in count 9 of the indictment within the purview of Penal Law § 235.22 — particularly in light of the statute's stated purpose of "criminaliz[ing] the activities of adults who engage minors in sexually infused communication[s]" (People v Kozlow, 8 NY3d 554, 559 [2007] [internal quotation marks, emphasis and citation omitted]). Finally, as we discern no infirmities in the indictment, defendant's ineffective assistance of counsel claim — premised upon counsel's alleged "failure to apprehend and address the defects in the indictment" — necessarily must fail. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Aarons and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.