People v Miller (2024 NY Slip Op 02730)

People v Miller

2024 NY Slip Op 02730

Decided on May 16, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 16, 2024

113671
[*1]The People of the State of New York, Respondent,
v
Dayshon Miller, Appellant.

Calendar Date:April 19, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Salvatore A. Russo of counsel), for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered December 8, 2021, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In satisfaction of a single-count indictment, defendant pleaded guilty to the reduced charge of attempted criminal sale of a controlled substance in the third degree and agreed to waive his right to appeal. Pursuant to the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of two years followed by two years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, we find that he knowingly, voluntarily and intelligently waived his right to appeal. Although the written appeal waiver contains overly broad language, we are satisfied that County Court's oral colloquy cured any defect. To the extent that the written waiver contained overbroad or ambiguous language, the court specifically advised defendant that certain claims survived and expressly delineated the appellate rights that were not encompassed in the appeal waiver. In addition, the court also explained that the waiver of the right to appeal was separate and distinct from the rights forfeited by the guilty plea, which defendant confirmed he understood. Defendant also signed the written appeal waiver in open court after reviewing it with counsel and assured the court that he understood its contents and had no questions. Under these circumstances, we are satisfied that the record demonstrates that defendant understood the nature and consequences of his appeal waiver, such that his waiver of the right to appeal is valid (see People v Drake, 217 AD3d 1273, 1273 [3d Dept 2023]; People v Wheeler, 216 AD3d 1314, 1314-1315 [3d Dept 2023], lv denied 40 NY3d 1082 [2023]; People v Vittengl, 203 AD3d 1390, 1391 [3d Dept 2022]). Given the valid appeal waiver, defendant's challenge to the severity of the agreed-upon sentence is foreclosed (see People v Wheeler, 216 AD3d at 1315).
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.