People v Ellis (2024 NY Slip Op 03908)

People v Ellis

2024 NY Slip Op 03908

Decided on July 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 25, 2024

113449
[*1]The People of the State of New York, Respondent,
v
Vincent Ellis, Appellant.

Calendar Date:June 14, 2024

Before:Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Richard J. McNally Jr., J.), rendered August 19, 2021 in Albany County, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with manslaughter in the first degree. The People afforded defendant the opportunity to plead guilty to the charged crime with the understanding that he would be sentenced to a prison term of 16 years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant subsequently pleaded guilty, and Supreme Court sentenced defendant as a second felony offender to the negotiated term of imprisonment. This appeal ensued.
Preliminarily, we agree that defendant's waiver of the right to appeal is invalid. "[Supreme] Court's brief remarks failed to explain the separate and distinct nature of the waiver so as to make clear that the right to appeal is not automatically forfeited upon entry of a guilty plea" (People v Spencer, 219 AD3d 981, 982 [3d Dept 2023], lv denied 40 NY3d 1041 [2023]; see People v Atutis, 214 AD3d 1264, 1265 [3d Dept 2023]; People v Bowman, 194 AD3d 1123, 1124 [3d Dept 2021], lv denied 37 NY3d 963 [2021]). Although Supreme Court did delineate certain of the appellate rights that survived the waiver, it also informed defendant the appeal waiver meant that "it ends here" and that defendant "[did not] get to appeal to a higher court." Further, the confusing nature of the court's oral colloquy was not cured by the written waiver of appeal utilized by the Albany County District Attorney's office — a waiver that we previously have found to be overbroad (see People v Lomack, 219 AD3d 1646, 1647 [3d Dept 2023], lv denied 40 NY3d 1040 [2023]). Given the invalid appeal waiver, defendant's challenge to the severity of the sentence imposed is not precluded (see People v Knowlton, 207 AD3d 1002, 1003 [3d Dept 2022]). However, the agreed-upon sentence was significantly less than the statutory maximum (see Penal Law § 70.06 [3] [b]) and, upon due consideration of all of the relevant factors, we are unable to conclude that such sentence is "unduly harsh or severe" (CPL 470.15 [6] [b]; see People v Puleski, 210 AD3d 1143, 1144 [3d Dept 2022]). Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.