People v Gouge (2025 NY Slip Op 03664)

People v Gouge

2025 NY Slip Op 03664

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

112495
[*1]The People of the State of New York, Respondent,
v
Nelson Gouge, Appellant.

Calendar Date:June 2, 2025

Before:Garry, P.J., Egan Jr., Fisher, Powers and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Robert P. McCarty of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Warren County (John Hall Jr., J.), rendered July 26, 2019, convicting defendant upon his plea of guilty of the crimes of aggravated family offense (five counts), criminal mischief in the fourth degree, harassment in the second degree, assault in the third degree, aggravated criminal contempt and criminal contempt in the second degree (three counts).
Defendant was charged in a 12-count indictment with five counts of aggravated family offense, three counts of criminal contempt in the second degree and one count each of criminal mischief in the fourth degree, harassment in the second degree, assault in the third degree and aggravated criminal contempt. The charges stemmed from separate incidents wherein defendant took the victim's phone in order to prevent her from summoning emergency services (August 2017), physically assaulted the victim (December 2017) and, following his arrest and while being held in the local jail, violated an order of protection by contacting the victim (January 2018). After rejecting multiple offers by the People to plead guilty to only certain counts of the indictment, defendant elected to plead guilty to the entire indictment with the understanding that he would be sentenced, as a second felony offender, to a cumulative prison term of no more than 6 to 12 years, to be followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement but subsequently filed a motion seeking to withdraw his plea, contending that his plea was coerced and that certain statements he made during the course of the plea colloquy were inconsistent with his guilt. Following oral argument, County Court denied the motion and thereafter sentenced defendant to three consecutive prison terms of 2 to 4 years and other concurrent terms of incarceration or time served. This appeal ensued.
Defendant initially contends that his waiver of the right to appeal is invalid. We agree. This Court has found the written waiver of appeal executed by defendant to be overbroad (see People v Gibbs, 232 AD3d 937, 938 [3d Dept 2024]), and County Court's terse oral colloquy was insufficient to ensure that defendant understood that some appellate review survived (compare People v Wheeler, 216 AD3d 1314, 1314-1315 [3d Dept 2023], lv denied 40 NY3d 1082 [2023], with People v Knowlton, 207 AD3d 1002, 1003 [3d Dept 2022]). Accordingly, defendant's challenge to the severity of the sentence imposed is not precluded (see People v Loadholt, 234 AD3d 1188, 1189 [3d Dept 2025]). That said, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]) — particularly in view of defendant's criminal history and documented failure to abide by lawful court orders.
Defendant's challenge to the voluntariness of his plea — insofar as it is predicated upon County Court's allegedly coercive advisements regarding [*2]sentencing and the purportedly inconsistent statements made by defendant during the plea colloquy — was preserved by his unsuccessful motion to withdraw his plea upon these grounds (see People v Williams, 235 AD3d 1066, 1067 [3d Dept 2025]). As to the merits, County Court's statements regarding defendant's maximum sentencing exposure and the potential impact of the federal charges then pending against defendant "d[id] not indicate bias, coercion or threat by the court" (People v Dye, 210 AD3d 1192, 1193 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]; see People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]; People v Apelles, 185 AD3d 1298, 1299 [3d Dept 2020], lv denied 35 NY3d 1092 [2020]). Nor are we persuaded that defendant's plea allocution was inconsistent or otherwise deficient. Simply put, defendant's inability or unwillingness to recall the precise details of his numerous offenses does not undermine the voluntariness or sufficiency of his plea, as defendant unequivocally pleaded guilty to each of the 12 crimes and "was not required to acknowledge committing every element of the pleaded-to offense[s] or provide a factual exposition for each element thereof" (People v Apelles, 185 AD3d at 1299 [internal quotation marks, brackets and citations omitted]; see People v McNeil, 210 AD3d 1200, 1201-1202 [3d Dept 2022]; People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022], lv denied 39 NY3d 942 [2022]).
Defendant's remaining arguments regarding the voluntariness of his plea, which are predicated upon County Court's allegedly inadequate recitation of defendant's Boykin rights and failure to inquire as to a potential intoxication defense, are unpreserved for our review as such arguments were not raised in his motion to withdraw (see People v Bryant, 207 AD3d 886, 889 [3d Dept 2022]; People v Gassner, 193 AD3d 1182, 1184-1185 [3d Dept 2021], lv denied 37 NY3d 956 [2021]), and the narrow exception to the preservation requirement was not triggered (see People v Snyder, 235 AD3d 1072, 1073 [3d Dept 2025]; People v Gassner, 193 AD3d at 1185). Were we to conclude otherwise, we would find such claims to be lacking in merit. Accordingly, we are satisfied that defendant's guilty plea was knowing, intelligent and voluntary.
Egan Jr., Fisher, Powers and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.