People v Schindler
2026 NY Slip Op 04086
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DUSTIN R. SCHINDLER, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
406 KA 25-00649
Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

NICHOLAS T. TEXIDO, BUFFALO, FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (PAUL J. WILLIAMS, III, OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered August 12, 2024. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of rape in the second degree (Penal Law former
§ 130.30 [1]). We affirm.
Defendant contends that Supreme Court failed to order the matter held for action of the grand jury and, thus, that he did not validly waive indictment. We note that defendant's contention need not be preserved for our review, is not forfeited by his guilty plea, and would not be precluded by a valid waiver of the right to appeal (see People v Price, 195 AD3d 1570, 1570 [4th Dept 2021], lv denied 37 NY3d 1029 [2021]). Nonetheless, we reject defendant's contention on the merits. Pursuant to CPL 195.10 (1), "[a] defendant may waive indictment and consent to be prosecuted by superior court information when," among other requirements, "a local criminal court has held the defendant for the action of a grand jury" (CPL 195.10 [1] [a]). "Being so held for the action of a [g]rand [j]ury involves the filing of a felony complaint on which defendant has been arraigned and a finding after a preliminary hearing (unless waived by defendant) that reasonable cause exists to believe that defendant committed a felony" (Price, 195 AD3d at 1571 [internal quotation marks omitted]; see People v D'Amico, 76 NY2d 877, 879 [1990]).
Where, as here, a court sitting in a hybrid capacity transfers the case from its capacity as a local criminal court to its capacity as Supreme Court, the court "thereby effectively order[s] defendant held for grand jury action" (People v Cicio, 157 AD3d 651, 651 [1st Dept 2018], lv denied 31 NY3d 982 [2018]; see People v Fox, 158 AD3d 591, 591 [1st Dept 2018], lv denied 31 NY3d 1081 [2018]; see generally Price, 195 AD3d at 1571). Moreover, defendant does not dispute that, here, the court executed the waiver of indictment in its capacity as Supreme Court, and that the court's order expressly indicated that the matter was held for action by the grand jury. Inasmuch as "Supreme Court was satisfied with the waiver of the indictment and executed an order to that effect[, w]e . . . 'may presume that the matter was properly before that court' " (People v Hernandez, 63 AD3d 1615, 1616 [4th Dept 2009], lv denied 13 NY3d 745 [2009]).
We likewise reject defendant's related contention that he was required to expressly waive his right to a preliminary hearing and that such right could not be delegated to defense counsel (see People v Feliz, 202 AD3d 633, 633 [1st Dept 2022], lv denied 38 NY3d 1032 [2022]; see also People v Gassner, 193 AD3d 1182, 1184 [3d Dept 2021], lv denied 37 NY3d 956 [2021]).
Contrary to defendant's additional contention, he validly waived his right to appeal (see People v Bundscho, 239 AD3d 1261, 1261 [4th Dept 2025], lv dismissed 44 NY3d 1064 [2026]; People v Simpson, 232 AD3d 1266, 1266 [4th Dept 2024], lv denied 42 NY3d 1082 [2025]; People v Roberto, 224 AD3d 1367, 1367-1368 [4th Dept 2024]), and that valid waiver of the right to appeal encompasses his contention that his sentence is unduly harsh and severe.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court