■ The People of the State of New York, Respondent, v Gerald F. Sanders, Appellant. [21 NYS3d 760]—

Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered November 22, 2013, which revoked defendant's probation and imposed a sentence of imprisonment.

On March 18, 2013, defendant was sentenced to six months in jail followed by a 10-year period of probation upon his plea of guilty to attempted sexual abuse in the first degree, stemming from his actions in repeatedly subjecting a 10-year-old child to sexual contact. In November 2013, he was charged with violating the terms of his probation by being present at the home of a child under the age of 17 without permission and for possessing pornography by subscribing to a pornographic television channel in order to view pornography. Pursuant to an agreed-upon disposition, defendant admitted to the violations and, in exchange, County Court revoked his probation and imposed the promised sentence of 30 months in prison with three years of postrelease supervision. Defendant now appeals.

Defendant's sole contention on appeal is that the sentence is harsh and excessive. We are not persuaded. The record reflects that defendant was permitted to enter a guilty plea to a reduced crime on the original charge, which satisfied other potential uncharged conduct and exposed him to a shorter sentence (*see People v Bryant*, 32 AD3d 1080, 1081 [2006], *lv denied* 7 NY3d 900 [2006]). Upon his admitted probation violations, County Court considered the relevant sentencing factors, including defendant's physical and mental impairments, the nature of the violations and his continued contact with children under the age of 17 although such contact was prohibited, despite a recent administrative reprimand for similar contact. The court also considered the seriousness of the underlying conduct and the threat that defendant poses to society. In view of the foregoing and the fact that the agreed-upon sentence was less than the maximum permissible sentence (*see* Penal Law § 70.80 [4] [a] [iv]), we do not find the presence of extraordinary circumstances nor an abuse of sentencing discretion warranting a reduction in the interest of justice (*see* CPL 470.15 [3] [c]; [6] [b]; *People v Baker*, 92 AD3d 967, 967 [2012]; *People v Smurphat*, 91 AD3d 980, 981 [2012], *lv denied* 18 NY3d 962 [2012]).

McCarthy, J.P., Garry, Egan Jr. and Lynch, JJ., concur. Ordered that the judgment is affirmed.