People v Jones (2021 NY Slip Op 06008)





People v Jones


2021 NY Slip Op 06008


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

111749
[*1]The People of the State of New York, Respondent,
v
Paul Jones, Appellant.

Calendar Date:September 17, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.

Karen G. Leslie, Riverhead, for appellant.
Megan K. Galligan, District Attorney, Monticello (Rachel I. Kesten of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered March 29, 2019, convicting defendant upon his pleas of guilty of the crimes of attempted assault in the first degree and conspiracy in the second degree.
In satisfaction of a 29-count indictment, defendant pleaded guilty to the reduced charge of attempted assault in the first degree and purportedly waived his right to appeal. In satisfaction of a second indictment and an unindicted charge related to an arrest for possession of cocaine, defendant also pleaded guilty to conspiracy in the second degree and agreed to waive his right to appeal. Defendant was sentenced to a prison term of 7½ years followed by five years of postrelease supervision on the attempted assault conviction and a concurrent prison term of 4 to 12 years on the conspiracy conviction. Defendant appeals.[FN1]
Initially, the People concede, and our review of the record confirms, that the waivers of the right to appeal are invalid as the language used at the colloquies and in the written appeal waivers was overbroad and inaccurate with regard to the scope of such waivers (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 566 [2019]; People v Barrales, 179 AD3d 1313, 1314-1315 [2020]). As such, defendant's challenge to the factual sufficiency of the plea allocution relating to the attempted assault conviction and to the sentence imposed are not foreclosed (compare People v Gorman, 165 AD3d 1349, 1349 [2018], lv denied 32 NY3d 1125 [2018]). Nevertheless, defendant's challenge to the factual sufficiency of the allocution, as well as to the voluntariness of the plea, are unpreserved for our review as the record does not reflect that he made any appropriate postallocution motion (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Avera, 192 AD3d 1382, 1382-1383 [2021], lv denied 37 NY3d 953 [2021]; People v Favreau, 174 AD3d 1226, 1227 [2019], lv denied 34 NY3d 980 [2019]). Furthermore, we are unpersuaded by defendant's contention that the narrow exception to the preservation requirement was triggered here (see People v Avera, 192 AD3d at 1383; People v Favreau, 174 AD3d at 1228). No factual allocution was necessary as defendant pleaded guilty to a lesser crime as part of a plea bargain and, contrary to defendant's contention, the record reveals no confusion as to the offense to which he was pleading guilty that would excuse the lack of preservation (see People v Johnson, 23 NY3d 973, 975-976 [2014]; People v Moore, 71 NY2d 1002, 1006 [1988]; People v Favreau, 174 AD3d at 1227-1228). As for defendant's challenge to the sentence being harsh and excessive, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed-upon sentence in the interest of justice (see People v Woods, 166 AD3d 1298, 1299-1300 [2018], lv denied 33 NY3d 1036 [2019]).
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment [*2]is affirmed.



Footnotes

Footnote 1: To the extent that defendant continues to seek certain discovery and Brady material in preparation for this appeal, he already advanced that issue in a motion to this Court that was denied (2020 NY Slip Op 75579[U] [2021]), and he is precluded from revisiting the issue in his brief (see e.g. People v Collins, 238 AD2d 435, 436 [1997], lv denied 90 NY2d 903 [1997]; People v Jacobs, 220 AD2d 617, 617 [1995], lvs denied 87 NY2d 903, 905 [1995]). Defendant's related claim involves matters outside the record and is, as a result, "more appropriately the subject of a CPL article 440 motion" (People v Rodriguez, 195 AD3d 1237, 1242 [2021]; see People v Brown, 139 AD3d 1178, 1179 [2016]).