People v Linear (2021 NY Slip Op 07584)





People v Linear


2021 NY Slip Op 07584


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

111530
[*1]The People of the State of New York, Respondent,
v
Naeem Linear, Also Known as Nos, Appellant.

Calendar Date:November 18, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Aaron A. Louridas, Delmar, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered September 26, 2016, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the third degree (four counts) and conspiracy in the fourth degree (four counts).
In October 2015, defendant was charged by indictment with two counts of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree and two counts of conspiracy in the fourth degree. These charges were the result of an investigation that identified defendant in relation to two separate drug transactions, on April 14, 2015 and April 15, 2015. Subsequently, in December 2015, defendant was indicted on identical charges — two counts of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree and two counts of conspiracy in the fourth degree — for additional drug transactions on March 24, 2015 and "between March 25, 2015 to March 26, 2015." Separate Wade hearings were held on each indictment, after which County Court denied defendant's request to suppress the identifications. Subsequently, the two indictments were consolidated for trial upon consent of the parties. Thereafter, on the day trial was set to commence, defendant entered into an agreement and pleaded guilty to all 12 counts and purportedly waived his right to appeal. Thereafter, defendant was sentenced, as a second felony offender, to concurrent prison terms of eight years, to be followed by three years of postrelease supervision, for each of his sale and possession convictions and to lesser concurrent prison terms related to his conspiracy convictions. Defendant appeals.
Initially, we agree with defendant that his appeal waiver was invalid inasmuch as language in the written waiver of appeal is "overbroad and inaccurate with regard to the scope of the waiver[]" (People v Jones, 199 AD3d 1069, ___, 2021 NY Slip Op 06008, *1 [2021]), and County Court's brief oral colloquy did not cure these defects (People v Mayo, 195 AD3d 1313, 1314 [2021]). In light of the invalid appeal waiver, defendant's remaining challenges are not precluded. However, defendant's assertion regarding the voluntariness and/or factual sufficiency of his plea is unpreserved for our review because defendant did not make an appropriate postallocution motion (see People v Brown, 191 AD3d 1047, 1048 [2021]; People v Brito, 184 AD3d 900, 901 [2020]). "Further, as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt, negated an element of the charged crime[s] or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement does not apply" (People v Brito, 184 AD3d at 901, citing People v Schmidt[*2], 179 AD3d 1384, 1385 [2020]). Defendant's ineffective assistance of counsel argument is also unpreserved for his failure to make an appropriate postallocution motion (see People v Thompson, 193 AD3d 1186, 1187 [2021]). In any event, counsel's alleged inadequacies involve matters outside of the record that are more appropriate for a CPL article 440 motion (see id.).
Defendant also contends that County Court erred in failing to suppress pretrial identification of defendant from two photo arrays as they were unduly suggestive. "A photo array is unduly suggestive if some feature or characteristic of one of the depicted individuals or photographs is so unique or distinctive that it draws the viewer's attention to that photograph, thereby indicating that the police have selected that particular individual. Although it is not required that the individuals in a photo array be nearly identical to the defendant, their characteristics must be sufficiently similar to those of the defendant so as to not create a substantial likelihood that the defendant would be singled out for identification" (People v Bowman, 194 AD3d 1123, 1126 [2021] [internal quotation marks and citations omitted], lvs denied 37 NY3d 963, 966 [2021]; see People v Winters, 196 AD3d 847, 849 [2021], lvs denied 37 NY3d 1025, 1030 [2021]).
At the first Wade hearing, related to the first indictment, Charles Scott, a detective with the Plattsburgh Police Department testified that he was contacted by Christopher Maggy, another detective with the same police department, who requested that Scott compose a photo array with defendant's photograph. Scott then looked for individuals within five years older and younger of the same gender and race as defendant. Scott individually examined these photographs for individuals with "similar characteristics" as defendant, including hair length, facial hair and skin tone. When constructing this array, Scott ensured that the photographs were approximately the same size with similar backgrounds. Maggy testified regarding the confidential informant's subsequent identification of defendant using the array. Maggy confirmed that the photographs were approximately the same size and with the same background, and all were male individuals of the same race. Maggy testified that, with the exception of defendant who is bald, all of the individuals in the photographs had either receding or short hair and all of the individuals, including defendant, had some form of facial hair. The array in question was admitted at this hearing. County Court, denying defendant's motion, indicated that defendant's assertion that the array was unduly suggestive because he was the only individual with a bald head was "unavailing." The court noted that "[o]ne of the other individuals appears almost completely bald and the others have closely-cropped hair" and all had similar facial hair.
At the other Wade hearing related to the second indictment, Michael Madore, a State Police [*3]investigator, testified that he was asked by Tim Connolly, another State Police investigator, to construct a photo array using defendant's photograph. Madore then searched the database for individuals of the same gender and race with a date of birth within one year of defendant's, and then searched the resulting photographs for those of a similar nature, including "hair style, . . . ears, nose, eyes [and] facial characteristics." Connolly testified that he showed the confidential informant the array in question and the confidential informant identified defendant. Connolly verified that all of the individuals in the photo array had the same type of facial hair with either a shaved head or short hair. Moreover, Connolly confirmed that the photographs were the same size with the same background. This array was admitted as an exhibit at the hearing. County Court issued a written decision thereafter denying defendant's motion to suppress the identification finding that "there [was] nothing in the photo array that created any likelihood that defendant would be singled out."
Our review of the photo arrays confirms County Court's findings, to which we accord great deference (see People v Hawkins, 167 AD3d 1071, 1073 [2018]). As to defendant's specific arguments regarding certain aspects of the photo arrays, we find these to be unpersuasive given that there is no requirement that all individuals must have the exact same hairstyle or the same dress, but rather, the individual's characteristics "must be sufficiently similar" to find that defendant would not be singled out (People v Bowman, 194 AD3d at 1126 [internal quotation marks and citations omitted]). As such, we are satisfied that neither of these photo arrays was unduly suggestive; thus, County Court properly denied defendant's motion to suppress (see People v Serrano, 173 AD3d 1484, 1487 [2019], lvs denied 34 NY3d 937, 939 [2019]; People v Marryshow, 162 AD3d 1313, 1315 [2018]).
Finally, we reject defendant's claim that the sentence imposed, which was less than the agreed-upon "sentencing cap," was harsh and excessive. Given that defendant pleaded guilty to charges involving four separate drug sales, all of which could have resulted in consecutive sentences (see e.g. People v Taylor, 126 AD3d 1120, 1122 [2015], lv denied 25 NY3d 1172 [2015], cert denied 577 US 1148 [2016]), and given defendant's lengthy criminal history, we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence (see People v Hyson, 197 AD3d 1439, 1439-1440 [2021]; People v Simpson, 196 AD3d 996, 999 [2021], lv denied 37 NY3d 1029 [2021]).
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.