People v Ridge (2022 NY Slip Op 00336)





People v Ridge


2022 NY Slip Op 00336


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

110960
[*1]The People of the State of New York, Respondent,
v
Melbourne Ridge, Appellant.

Calendar Date:December 15, 2021

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Jane M. Bloom, Monticello, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Lisa M. Bondarenka of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered November 9, 2018, convicting defendant upon his plea of guilty of the crime of burglary in the third degree (three counts).
Defendant was charged in a 10-count indictment with burglary in the third degree (five counts) and criminal mischief in the third degree (five counts) in connection with his theft of copper pipe from certain bungalows located in the Village of Monticello, Sullivan County. In full satisfaction of that indictment, defendant pleaded guilty in September 2017 to three counts of burglary in the third degree with the understanding that he would be sentenced as a second felony offender to a prison term of 2 to 4 years and enrolled in the Willard drug treatment program. The plea also required defendant to waive his right to appeal. The matter was adjourned for sentencing with the admonition that should defendant, among other things, "violate the law," County Court (LaBuda, J.) would be free to sentence defendant to 21 years in prison upon his burglary convictions.
Following an adjournment of sentencing due to inclement weather, defendant failed to appear, at which time the People advised County Court that defendant had been arrested since entering his guilty plea, thus raising the possibility that defendant had violated the court's Parker warnings. Additional appearances ensued, during the course of which defendant filed a motion to withdraw his plea. Following further adjournments and the assignment of successive attorneys to represent defendant, a hearing as to defendant's possible violation of the court's Parker warnings commenced in August 2018. County Court thereafter denied defendant's motion to withdraw his plea and, in that context, effectively concluded that defendant had violated the Parker warnings previously issued.
Additional appearances ensued and, after County Court granted defendant's oral recusal request, the parties appeared for sentencing in November 2018. The People, citing defendant's violation of the Parker warnings and his lengthy criminal history, asked that County Court (McGuire, J.) sentence defendant as a second felony offender to a prison term of 2 to 4 years upon each of his burglary convictions — said sentences to run consecutively. Defendant, who appeared pro se with standby counsel, asked that he "be sentenced to [the] Willard plea bargain." County Court sentenced defendant as a second felony offender to a prison term of 2 to 4 years upon each of his burglary convictions and directed that such sentences be served consecutively. This appeal ensued.
The People concede — and our review of the record confirms — that defendant's waiver of the right to appeal was invalid and, therefore, his claim that the sentence imposed was harsh and excessive is not precluded (see People v Beach, 197 AD3d 1440, 1441 [2021]). That said, we discern no extraordinary circumstances or abuse of discretion warranting a reduction [*2]of the sentence imposed, which was the minimum period of imprisonment authorized for a second felony offender convicted of a class D felony (see Penal Law §§ 70.06 [3] [d]; [4] [b]; 140.20; see generally People v Shook, 177 AD3d 1030, 1031 [2019]). As for County Court's decision to impose an enhanced sentence, "[a]lthough a sentencing court may not impose an enhanced sentence unless, as relevant here, it has informed the defendant of the specific conditions that the defendant must abide by or risk such enhancement" (People v Sanchez, 194 AD3d 1199, 1200 [2021] [internal quotation marks, brackets and citations omitted]), the plea colloquy makes clear that defendant was expressly advised that, if he "violat[ed] the law" while awaiting sentencing, he could be sentenced to 21 years in prison. Accordingly, defendant's present claim — that he was unaware of the conditions by which he must abide in order to receive the sentence originally outlined in the plea agreement — is belied by the record. Additionally, the record reflects that defendant was afforded a hearing in this regard, at which time the People established that, following defendant's guilty plea, he twice was arrested for petit larceny. Under these circumstances, County Court did not abuse its discretion in imposing an enhanced sentence.
Finally, although defendant's challenges to the voluntariness and/or factual sufficiency of his plea were preserved by his motion to withdraw his plea, we find them to be lacking in merit. Contrary to defendant's assertion, his plea was not rendered invalid due to a lack of information regarding his potential sentencing exposure, as the record reflects that he was aware — prior to pleading guilty — that he could face consecutive terms of imprisonment of up to seven years upon each burglary count charged in the indictment and concurrent terms on each criminal mischief count. As to the factual sufficiency of his plea, defendant "was not required to recite the elements of his crime or engage in a factual exposition, as his affirmative and unequivocal responses to [the] inquiries [posed to him] were sufficient" to establish his guilt (People v McCray, 139 AD3d 1235, 1236 [2016] [internal quotation marks and citations omitted]; see People v Apelles, 185 AD3d 1298, 1299 [2020], lv denied 35 NY3d 1092 [2020]; People v Shurock, 83 AD3d 1342, 1343 [2011]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.