People v Rhodes (2022 NY Slip Op 01482)





People v Rhodes


2022 NY Slip Op 01482


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

110608
[*1]The People of the State of New York, Respondent,
v
Clayrissa Rhodes, Appellant.

Calendar Date:January 6, 2022

Before:Garry, P.J., Clark, Aarons and Colangelo, JJ.

Linda B. Johnson, Albany, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered December 4, 2014, convicting defendant upon her plea of guilty of the crimes of robbery in the second degree and petit larceny.
In June 2014, defendant and two others were arrested following the robbery of a convenience store in the City of Troy, Rensselaer County. Defendant was charged with robbery in the second degree and petit larceny. Defendant moved to suppress a showup identification and tangible evidence found in the vehicle in which she was a passenger at the time of her arrest. Following County Court's denial of this motion, defendant pleaded guilty to the crimes as charged with no promise as to sentencing and without waiving her right to appeal. Defendant was sentenced to a prison term of four years to be followed by five years of postrelease supervision for the robbery conviction, and to a concurrent term of one year for her other conviction. Defendant appeals.
Defendant's challenge to the voluntariness of her guilty plea is unpreserved for our review based upon her failure to make an appropriate postallocution motion (see People v Downs, 194 AD3d 1118, 1119 [2021], lv denied 37 NY3d 971 [2021]; People v Crossley, 191 AD3d 1046, 1047 [2021], lv denied 37 NY3d 991 [2021]). The narrow exception to the preservation requirement does not apply, "as defendant did not make any statements during the plea colloquy that were inconsistent with [her] guilt, negated an element of the charged crime[s] or otherwise called into question the voluntariness of [her] plea" (People v Linear, 200 AD3d 1498, 1499 [2021] [internal quotation marks and citation omitted]; see People v Grainger, 199 AD3d 1070, 1071 [2021]). In any event, the factual allocution was sufficient as "defendant was not required to acknowledge committing every element of the pleaded-to offense[s] or provide a factual exposition for each element thereof" (People v Apelles, 185 AD3d 1298, 1299 [2020] [internal quotation marks, brackets and citations omitted], lv denied 35 NY3d 1092 [2020]). Moreover, County Court's misstatement that robbery in the second degree was a class D felony — which was quickly remedied when the court correctly stated that it was a class C felony — did not render defendant's plea involuntary (see People v Phillip, 200 AD3d 1108, 1109 [2021]; People v Huebsch, 199 AD3d 1174, 1175-1176 [2021], lv denied 37 NY3d 1161 [2022]).
Defendant next argues that County Court erred in denying her suppression motion, asserting that the stop of the vehicle was improper and that the subsequent showup identification was unduly suggestive. The specific circumstances of the incident are more fully set forth in our decision affirming the judgment of conviction as to codefendant Tyon Smith (People v Smith, 185 AD3d 1203, 1204-1207 [2020]), and they need not be repeated at length here. In that decision, this Court addressed the particular arguments raised by defendant here as to the lawfulness [*2]of the stop and the showup identification and we found them to be meritless, and we see no reason to deviate from those holdings (id.). To the extent that defendant specifically argues that the use of a spotlight rendered the showup identification unduly suggestive, an argument not advanced by Smith on his appeal, we find that the use of a spotlight to illuminate the dimly lit roadway was lawful (see People v Gilford, 16 NY3d 864, 866-868 [2011]; People v Huerta, 141 AD3d 602, 603 [2016]; compare People v Cruz, 129 AD3d 119, 127 [2015], lv denied 26 NY3d 971 [2015]).
Defendant's claim that she received ineffective assistance of counsel, to the extent that it implicates the voluntariness of her plea, is also unpreserved for our review due to her failure to file an appropriate postallocution motion, and the narrow exception to the preservation rule does not apply here (see People v Vivona, 199 AD3d 1165, 1166 [2021]; People v McCoy, 198 AD3d 1021, 1022 [2021], lv denied 37 NY3d 1162 [2022]). Moreover, "her challenges to counsel's motion practice and discovery efforts were forfeited by her guilty plea" (People v Rutigliano, 159 AD3d 1280, 1281 [2018] [internal quotation marks, brackets and citation omitted], lv denied 31 NY3d 1121 [2018]; see People v Woods, 199 AD3d 1169, 1169 [2021], lv denied 37 NY3d 1166 [2022]; People v Danielson, 170 AD3d 1430, 1432 [2019], lv denied 33 NY3d 1030 [2019], cert denied ___ US ___, 140 S Ct 486 [2019]). In any event, defendant's claims regarding counsel's alleged inadequacies — such as counsel's failure to investigate potential defenses relating to her mental health issues — involve matters outside the record and are more appropriately the subject of a CPL article 440 motion (see People v Linear, 200 AD3d at 1499). We further reject defendant's claim that defense counsel failed to secure a favorable plea bargain. The record reveals that defendant, after the denial of her suppression motion, opted to plead as charged with no promise as to sentencing, faced a maximum sentence of 15 years on the robbery conviction and received a sentence that is only six months longer than the statutory minimum prison sentence (see Penal Law § 70.02 [3] [b]). In the end, defendant "receive[d] an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Phillip, 200 AD3d at 1110 [internal quotation marks and citations omitted]; accord People v Taylor, 144 AD3d 1317, 1319 [2016], lvs denied 28 NY3d 1144, 1151 [2017]).
Finally, we are unpersuaded by defendant's contention that the sentence imposed is harsh and excessive. "It is well settled that a sentence that falls within the permissible statutory ranges will not be disturbed unless it can be shown that the sentencing court abused its discretion or that extraordinary circumstances exist warranting a modification in the interest of justice" (People v Walker, 191 AD3d 1154, 1160 [2021] [internal quotation marks and citations [*3]omitted], lv denied 37 NY3d 961 [2021]; accord People v Patterson, 199 AD3d 1072, 1076 [2021]). Although defendant was promised no specific sentence as part of her plea, the sentence imposed was only six months greater than the statutory minimum (see Penal Law § 70.02 [3] [b]) and was less than that promised during defendant's initial plea negotiations. To the extent that defendant claims that her sentence should be modified in the interest of justice to a shorter period of incarceration followed by mandatory mental health and substance abuse treatment, County Court did encourage defendant to avail herself of programs dealing with these issues in prison. Moreover, as no specific sentence was promised as part of her plea, the court was under no obligation to impose a requirement for treatment as part of defendant's sentence and, thus, it cannot be said that it abused its discretion by not doing so. Defendant has otherwise failed to demonstrate extraordinary circumstances warranting reduction of her sentence in the interest of justice.
Garry, P.J., Clark and Aarons, JJ., concur.
ordered that the judgment is affirmed.