People v Stevens (2022 NY Slip Op 02453)

People v Stevens

2022 NY Slip Op 02453

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

109877
[*1]The People of the State of New York, Respondent,
v
Jordan T. Stevens, Appellant.

Calendar Date:February 8, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Colangelo and Ceresia, JJ.

John A. Cirando, Syracuse, for appellant.
Kirk O. Martin, District Attorney, Owego (Torrance Schmitz of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered September 8, 2017, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree, assault in the first degree, strangulation in the second degree, grand larceny in the third degree, tampering with physical evidence (two counts) and petit larceny.
After having consensual sex with the victim in a parking lot while in the victim's car, defendant strangled the victim until he was unconscious. Defendant then pushed the victim out of the car and proceeded to stomp repeatedly on the victim's head and face, causing extensive injuries, before stealing the victim's car and running the victim over as he was lying in the parking lot. Defendant drove off but returned to the scene a short time later, punched the victim and again ran him over with the car before driving off.
Defendant was charged in an indictment with attempted murder in the second degree, assault in the first degree, strangulation in the second degree, grand larceny in the third degree, tampering with physical evidence (two counts) and petit larceny. He thereafter pleaded guilty as charged, with the understanding that there was no specific promise from County Court as to the sentences to be imposed and that there would be a sentencing hearing, although the court did advise defendant that the sentences imposed would run concurrently. Following the sentencing hearing, County Court sentenced defendant on the attempted murder conviction to 20 years in prison, to be followed by five years of postrelease supervision, and to lesser concurrent terms on the remaining convictions. Defendant appeals, and we affirm.
Defendant's challenges to the sufficiency and voluntariness of his plea are unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Gray, 162 AD3d 1248, 1248 [2018]; People v Leflore, 154 AD3d 1164, 1165 [2017], lv denied 30 NY3d 1106 [2018]). Moreover, a review of the record fails to establish any basis to warrant the application of the narrow exception to the preservation requirement (see People v Louree, 8 NY3d 541, 545 [2007]; People v Brown, 191 AD3d 1047, 1048 [2021]). For the same reason, defendant's ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — has not been preserved for our review (see People v Crossley, 191 AD3d 1046, 1047 [2021], lv denied 37 NY3d 991 [2021]; People v Aponte, 190 AD3d 1031, 1033 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]). The balance of defendant's ineffective assistance of counsel claim, pertaining to counsel's failure to object at sentencing to an alleged misstatement concerning the degree of the attempted murder charge, is without merit.
Defendant also argues that the indictment was rendered jurisdictionally defective when County Court granted the People's motion to amend count 1, charging attempted [*2]murder in the second degree. Following review of the grand jury minutes, County Court noted in its decision on defendant's omnibus motion that, although count 1 charged defendant under Penal Law
§ 125.25 (2), the depraved indifference murder subsection, this count alleged intentional conduct and the grand jury had been instructed on Penal Law § 125.25 (1), the intentional murder subsection. The People subsequently moved to amend the indictment to recite Penal Law § 125.25 (1). Defense counsel consented to the amendment, conceding that the reference to Penal Law § 125.25 (2) was a typographical error. Such a typographical error was a technical, nonjurisdictional defect that was waived by defendant's guilty plea (see People v Franklin, 146 AD3d 1082, 1084 [2017], lvs denied 29 NY3d 946, 948 [2017]).
Finally, defendant's contention that the imposed sentence was harsh and excessive is unpersuasive. The sentence was less than the maximum allowed by statute (see Penal Law § 70.02 [3] [a]) and, considering the senseless and heinous nature of defendant's crimes, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Edwards, 43 AD3d 496, 497 [2007]; People v Arnold, 32 AD3d 1051, 1051 [2006]).
Garry, P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.