People v Fauntleroy (2022 NY Slip Op 04046)

People v Fauntleroy

2022 NY Slip Op 04046

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

110612
[*1]The People of the State of New York, Respondent,
v
Avery L. Fauntleroy, Appellant.

Calendar Date:May 24, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and McShan, JJ.

Robert C. Kilmer, Owego, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (John D. Kelley of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered September 7, 2018, convicting defendant upon his plea of guilty of the crime of rape in the second degree.
After the initial indictment was dismissed with leave to re-present the matter to the grand jury, the parties agreed that, in exchange for the People not pursuing another indictment and in satisfaction of all potential charges involving the victim, defendant would waive indictment and plead guilty to a superior court information charging him with rape in the second degree, with the understanding that he would be sentenced to the maximum prison term of seven years, followed by 12 years of postrelease supervision. In accordance with the plea agreement, defendant pleaded guilty to rape in the second degree and was sentenced, as a second felony offender, to the agreed-upon sentence. Defendant appeals.
We affirm. Defendant's challenge to the voluntariness of the plea is unpreserved for our review as defendant acknowledges that he did not file an appropriate postallocution motion (see People v Stevens, 204 AD3d 1160, 1160-1161 [2022]; People v Rhodes, 203 AD3d 1316, 1317 [2022]). Further, despite defendant's statements during the Probation Department's presentence investigation that he was "under the influence" of "alcohol and drugs" and "on drugs" at the time of the offense, the narrow exception to the preservation rule is inapplicable because defendant failed to avail himself of the "opportunity to seek relief from the sentencing court by moving to withdraw his plea based on his alleged [intoxication] defense" (People v Pastor, 28 NY3d 1089, 1090 [2016] [internal quotation marks and citation omitted]). Notwithstanding defendant's contention to the contrary, his statements to the Probation Department did not impose a duty on County Court to conduct a sua sponte inquiry concerning a potential intoxication defense (see People v Bailey, 158 AD3d 948, 949 [2018]; People v Hopper, 153 AD3d 1045, 1047 [2017], lv denied 30 NY3d 1061 [2017]).
To the extent that defendant asserts that he was denied the effective assistance of counsel because counsel did not secure an advantageous plea, that contention is similarly unpreserved absent an appropriate postallocution motion (see People v Rhodes, 203 AD3d at 1318; People v Aponte, 190 AD3d 1031, 1033 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]). In any event, were we to consider the issue, we would find defendant's contention to be without merit, as the record reflects that defense counsel secured a favorable plea bargain and avoided the presentation to the grand jury of numerous other potential charges involving defendant's conduct with the victim. In other words, as defendant "received an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel," we are unpersuaded that he did not receive meaningful assistance (People v Griffin, 134 AD3d 1228, 1231 [2015] [internal quotation [*2]marks, brackets and citations omitted], lv denied 27 NY3d 1132 [2016]; accord People v Rhodes, 203 AD3d at 1318).
Lynch, J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.