People v Carney (2022 NY Slip Op 04763)

People v Carney

2022 NY Slip Op 04763

Decided on July 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 28, 2022

111145
[*1]The People of the State of New York, Respondent,
v
Kirk Carney, Appellant.

Calendar Date:June 17, 2022

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Cliff Gordon, Monticello, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered February 11, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.
In 2018, defendant pleaded guilty to the crime of criminal possession of a weapon in the third degree, in satisfaction of a 12-count indictment stemming from defendant's unlawful possession of various firearms. Pursuant to the plea agreement, defendant purported to waive his right to appeal both orally and in writing. County Court thereafter sentenced defendant, as an admitted second felony offender, to the agreed-upon prison term of seven years, followed by five years of postrelease supervision. Defendant appeals.
Initially, we agree with defendant that his appeal waiver is invalid. During the plea colloquy, County Court discussed the nature and scope of the appeal waiver by using overbroad language, explaining that, once defendant waived his right to appeal, it was "gone forever" (see People v Goodwalt, 205 AD3d 1070, 1071 [2022], lv denied ___ NY3d ___ [June 28, 2022]; see People v Winters, 196 AD3d 847, 848 [2021], lvs denied 37 NY3d 1025, 1030 [2021]). The written waiver likewise contained language mischaracterizing the rights to be waived and "the court failed to ensure that defendant understood the distinction that some appellate review survived the appeal waiver" (People v Mayo, 195 AD3d 1313, 1314 [2021] [internal quotation marks and citations omitted]; see People v Williams, 203 AD3d 1398, 1398-1399 [2022], lv denied 38 NY3d 1036 [2022]; People v Lunan, 196 AD3d 969, 970 [2021]).
Given the invalid appeal waiver, defendant is not precluded from challenging the severity of his sentence (see People v Lunan, 196 AD3d at 970; People v Deming, 190 AD3d 1193, 1194 [2021], lv denied 36 NY3d 1119 [2021]). Nevertheless, we are unpersuaded by defendant's claim that a reduction of his sentence is warranted. Despite defendant's age and chronic medical conditions, we note that his sentence, although the maximum permissible (see Penal Law §§ 70.06 [3] [d]; 265.02), was negotiated as part of a plea agreement that resolved 11 other charges in the indictment, including two felonies. Accordingly, and in consideration of defendant's significant criminal history, as well as the circumstances of the underlying offense, we do not find that defendant's sentence "was unduly harsh or severe" (CPL 470.15 [6] [b]; see People v Robinson, 72 AD3d 1277, 1278 [2010], lv denied 15 NY3d 809 [2010]; People v Jackson, 302 AD2d 748, 750 [2003], lv denied 100 NY2d 539 [2003]).
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.