People v Puleski (2022 NY Slip Op 06194)

People v Puleski

2022 NY Slip Op 06194

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

112246
[*1]The People of the State of New York, Respondent,
v
Heaven Puleski, Appellant.

Calendar Date:October 7, 2022

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Matthew C. Hug, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered June 28, 2019, convicting defendant upon her plea of guilty of the crime of manslaughter in the first degree.
Defendant was charged by indictment with various crimes, including murder in the second degree, manslaughter in the first degree, concealment of a human corpse and endangering the welfare of a child, after the remains of her three-month-old child were found in a garbage bag. In satisfaction of the indictment, defendant pleaded guilty to manslaughter in the first degree and purportedly waived the right to appeal. In accordance with the plea agreement, County Court sentenced defendant, as a second felony offender, to 15 years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
We agree with defendant that her waiver of the right to appeal is invalid. The written waiver executed by defendant is "overbroad and inaccurate" (People v Williams, 203 AD3d 1398, 1398 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]; see People v Mont, 207 AD3d 960, 960 [3d Dept 2022]). Moreover, County Court's colloquy did not overcome these defects by ensuring that defendant understood that some appellate and collateral review survived (see People v Nisby, 207 AD3d 876, 876 [3d Dept 2022], lv denied ___ NY3d ___ [Sept. 28, 2022]; People v Darby, 206 AD3d 1165, 1166 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]). In light of the invalid appeal waiver, defendant's challenge to the severity of her sentence is not precluded (see People v Knowlton, 207 AD3d 1002, 1003 [3d Dept 2022]; People v Worley, 206 AD3d 1367, 1367 [3d Dept 2022]). That said, the sentence was significantly less than the statutory maximum (see Penal Law § 70.06 [3] [b]) and, considering the nature of the crime, we cannot conclude that the agreed-upon sentence is "unduly harsh or severe" (CPL 470.15 [6] [b]), so as to warrant a reduction in the interest of justice (see People v Stevens, 204 AD3d 1160, 1161 [3d Dept 2022], lv denied 38 NY3d 1153 [2022]; People v Gonzalez, 186 AD3d 1832, 1832-1833 [3d Dept 2020]).
Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.