People v West (2022 NY Slip Op 06290)

People v West

2022 NY Slip Op 06290

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

110509B
[*1]The People of the State of New York, Respondent,
v
Skylar West, Appellant.

Calendar Date:October 14, 2022

Before:Garry, P.J., Egan Jr., Clark, Ceresia and Fisher, JJ.

Aaron A. Louridas, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Albany County (Peter A. Lynch, J.), rendered April 2, 2018, convicting defendant upon his plea of guilty of the crime of gang assault in the first degree.
In satisfaction of a seven-count indictment, defendant pleaded guilty to gang assault in the first degree, with the understanding that he would be sentenced to a prison term of no less than 7 years and no more than 10 years to be followed by five years of postrelease supervision, and that the sentence would run consecutively to a sentence that he was already serving. As part of the plea agreement, defendant also purportedly waived the right to appeal. County Court thereafter sentenced defendant to 10 years in prison, to be followed by five years of postrelease supervision, with the sentence ordered to run consecutively to the prison sentence defendant was already serving. Defendant appealed, and this Court rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on the appeal (197 AD3d 1436 [3d Dept 2021]).
Initially, we agree with defendant that his waiver of the right to appeal is invalid. As we have previously found, this exact written appeal waiver contains overbroad language and County Court's brief colloquy regarding the waiver of the right to appeal did not cure its defects (see People v Stratton, 201 AD3d 1201, 1202 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]; People v Robinson, 195 AD3d 1235, 1236 [3d Dept 2021]). As defendant's waiver of the right to appeal is unenforceable, defendant's challenge to the severity of the sentence imposed is not precluded. Nonetheless, we discern no basis upon which to disturb the sentence as unduly harsh or severe (see CPL 470.15 [6] [b]), given the violent nature of the crime and that the sentence imposed was both within the range agreed to as part of the plea agreement and well below the maximum sentence for a class B felony offense (see Penal Law §§ 70.02 [1] [a]; [3] [a]; 120.07; People v Sanders, 134 AD3d 1351, 1351 [3d Dept 2015]).
Defendant's challenge to the voluntariness of his plea is unpreserved for our review, as the record does not reflect that he made an appropriate postallocution motion, despite having ample opportunity to do so prior to sentencing (see People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022]; People v Davis, 204 AD3d 1072, 1074 [3d Dept 2022], lv denied 38 NY3d 1032 [2022]). Moreover, defendant did not make any statements during the plea colloquy that cast doubt upon his guilt, negated an element of the crime or called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation rule (see People v Duckett, 205 AD3d 1229, 1230 [3d Dept 2022]; People v Pompey, 203 AD3d 1411, 1412 [3d Dept 2022], lv denied 38 NY3d 1009 [2022]). Defendant's claim of ineffective assistance of counsel, to the extent that it impacts the voluntariness of the plea, is similarly unpreserved for lack of an appropriate [*2]postallocution motion (see People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]; People v Nack, 200 AD3d 1197, 1198 [3d Dept 2021], lv denied 38 NY3d 1009 [2022]). In any event, the alleged inadequacies involve matters outside of the record that are better explored in a CPL article 440 motion (see People v Linear, 200 AD3d 1498, 1499 [3d Dept 2021], lv denied 38 NY3d 951 [2022]).
Garry, P.J., Egan Jr., Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.