People v McNeil (2022 NY Slip Op 06294)

People v McNeil

2022 NY Slip Op 06294

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

111754
[*1]The People of the State of New York, Respondent,
v
Ricky McNeil, Appellant.

Calendar Date:October 11, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and Fisher, JJ.

Eric K. Schillinger, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Ulster County (Donald A. Williams, J.), rendered May 10, 2019, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
In 2018, a vehicle was reported driving erratically on I-87 and ultimately drove off the road into a ditch in the Town of Saugerties, Ulster County. Defendant was observed at the scene, questioned, and failed a chemical breath test — establishing that his blood alcohol level was .10% — resulting in his arrest. Defendant had three prior convictions for driving while intoxicated (hereinafter DWI) within the preceding 15 years and required the use of an ignition interlock system and, consequently, was charged by indictment with DWI, aggravated unlicensed operation of a motor vehicle in the first degree and circumvention of an interlock device. In full satisfaction of the indictment, defendant pleaded guilty to count 1 charging him with DWI with the understanding that he would be sentenced to a prison term of 1½ to 4½ years. Pursuant to this plea agreement, defendant purportedly waived his right to appeal both orally and in writing. County Court then imposed the agreed-upon prison term. Defendant appeals.
We affirm. As defendant contends, his waiver of the right to appeal is invalid. County Court utilized overbroad language in its oral colloquy while explaining defendant's right to appeal by stating that once defendant waived this right, it was "gone forever" (see People v Carney, 207 AD3d 1000, 1000 [3d Dept 2022]; People v Hawkins, 207 AD3d 814, 815 [3d Dept 2022]; People v Goodwalt, 205 AD3d 1070, 1071 [3d Dept 2022], lv denied 38 NY3d 1071 [2022]). Further, the written waiver executed by defendant claimed to be "a complete and final disposition of th[e] case." Because the court mischaracterized the rights to be waived and also "failed to ensure that defendant understood the distinction that some appellate review survived the appeal waiver" (People v Carney, 207 AD3d at 1000 [internal quotation marks and citations omitted]; see People v Streater, 207 AD3d 952, 953-954 [3d Dept 2022]), the appeal waiver is not valid.
Although defendant's challenge to the factual sufficiency of the plea allocution is not foreclosed, it is nevertheless unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Linear, 200 AD3d 1498, 1499 [3d Dept 2021], lv denied 38 NY3d 951 [2022]). The narrow exception to the preservation rule is inapplicable as it "applies only where a recitation of facts casts significant doubt on a defendant's guilt and not, as here, where the sufficiency of the articulation of the element is challenged" (People v Greene, 207 AD3d 804, 805 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1150 [2022]). In any event, defendant "was not required to recite the elements of his crime or engage in a factual exposition, as his affirmative and unequivocal responses [*2]to the inquiries posed to him were sufficient to establish his guilt" (People v Ridge, 201 AD3d 1205, 1207 [3d Dept 2022] [internal quotation marks, ellipsis, brackets and citations omitted], lv denied 38 NY3d 1153 [2022]; see People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022]). Nor are we persuaded that County Court lacked geographic jurisdiction. Although not waived by his guilty plea (see People v Kellerman, 102 AD2d 629, 630-631 [3d Dept 1984]), the location of defendant's criminal conduct was established by the record to be within Ulster County and was sufficiently set forth in the indictment to which defendant pleaded guilty (see CPL 20.40 [1] [a]; People v Decker, 139 AD3d 1113, 1115 n 1 [3d Dept 2016], lv denied 28 NY3d 928 [2016]; People v White, 104 AD3d 1056, 1057 [3d Dept 2013], lv denied 21 NY3d 1021 [2013]).
Garry, P.J., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.