People v Thompkins (2022 NY Slip Op 06962)

People v Thompkins

2022 NY Slip Op 06962

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

112872
[*1]The People of the State of New York, Respondent,
v
Quintin J. Thompkins, Appellant.

Calendar Date:November 10, 2022

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Zachary S. Persichini of counsel), for respondent.

Appeal from a judgment of the County Court of Chemung County (Richard W. Rich Jr., J.), rendered May 10, 2021, convicting defendant upon his plea of guilty of the crime of criminal use of a firearm in the first degree.
Defendant was charged in an eight-count indictment with attempted murder in the second degree, attempted assault in the first degree, criminal use of a firearm in the first degree, criminal use of a firearm in the second degree, two counts of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminal contempt in the first degree. In full satisfaction of that indictment, defendant was afforded the opportunity to plead guilty to criminal use of a firearm in the first degree with the understanding that he would be sentenced as a second felony offender to a prison term of 10 years followed by five years of postrelease supervision. Defendant pleaded guilty in conformity with the plea agreement, which did not require him to waive his right to appeal, and County Court imposed the agreed-upon term of imprisonment. Defendant appeals.
Defendant, as so limited by his brief, challenges only the severity of the agreed-upon sentence imposed. As a second felony offender convicted of a class B violent felony (see Penal Law § 70.02 [1] [a]), defendant could have been sentenced to a prison term of up to 25 years, and the sentence that he actually received (10 years) was only two years more than the minimum permissible term of imprisonment (see Penal Law § 70.06 [6] [a]). Given the nature of the underlying crime, the fact that the victim was the mother of defendant's child and defendant's extensive criminal history, we do not find the negotiated term of imprisonment to be unduly harsh or severe (see CPL 470.15 [6] [b]; People v Carney, 207 AD3d 1000, 1001 [3d Dept 2022]), and we decline defendant's invitation to modify his sentence in the interest of justice. Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.