People v Jacobs (2023 NY Slip Op 01705)

People v Jacobs

2023 NY Slip Op 01705

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

110667B
[*1]The People of the State of New York, Respondent,
v
Jeremy Jacobs, Appellant.

Calendar Date:February 10, 2023

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Aaron A. Louridas, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered June 9, 2017 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to the reduced charge of attempted assault in the first degree and purportedly waived his right to appeal. Pursuant to the terms of the plea agreement, Supreme Court sentenced defendant to a prison term of five years followed by five years of postrelease supervision. Defendant appealed and this Court rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on the appeal (206 AD3d 1156 [3d Dept 2022]).
Initially, the People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid given the overbroad language in the written appeal waiver and the insufficient brief oral colloquy that fails to establish that defendant appreciated the nature and ramifications of the appeal waiver or that some appellate issues survive (see People v Ford, 210 AD3d 1142, 1142-1143 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]; People v Clark, 209 AD3d 1063, 1064 [3d Dept 2022]). As such, defendant is not precluded from challenging the severity of the sentence imposed (see People v Goodwalt, 205 AD3d 1070, 1071 [3d Dept 2022], lv denied 38 NY3d 1071 [2022]). Nonetheless, despite the mitigating factors relied upon by defendant, we are unpersuaded that the negotiated sentence was unduly harsh or severe (see CPL 470.15 [6] [b]; People v Lorenz, 211 AD3d 1109, 1114 [3d Dept 2022]), and decline defendant's invitation to reduce his sentence in the interest of justice (see CPL 470.15 [3] [c]; People v Thompkins, 211 AD3d 1183, 1184 [3d Dept 2022]).
Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.