People v Hilliard (2023 NY Slip Op 01706)

People v Hilliard

2023 NY Slip Op 01706

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

111984
[*1]The People of the State of New York, Respondent,
v
Tyquan S. Hilliard, Appellant.

Calendar Date:February 23, 2023

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

Alexander W. Bloomstein, Hillsdale, for appellant.
Brian P. Conaty, Acting District Attorney, Monticello (Howard Block of counsel), for respondent.

Lynch, J.P.
Appeal from a judgment of the Supreme Court (Stephan G. Schick, J.), rendered April 12, 2019 in Sullivan County, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree and assault in the second degree.
Defendant and a codefendant were charged in a 14-count indictment with various crimes, including four counts of robbery in the second degree and two counts of assault in the second degree. The charges stemmed from allegations that they entered a cell phone store displaying what appeared to be a firearm, ordered the employees and customers into the back room of the store, bound them and stole property from the store and a customer. It was further alleged that a police officer was injured while pursuing defendant and the codefendant after they fled from the store in an automobile. In satisfaction of the foregoing, defendant pleaded guilty to one count of robbery in the second degree and one count of assault in the second degree and purportedly waived the right to appeal. Prior to sentencing, defendant moved pro se to withdraw his plea based in part upon ineffective assistance of counsel, and he was assigned new counsel. At the sentencing hearing, defendant withdrew the motion to withdraw his plea and, pursuant to the terms of the plea agreement, Supreme Court sentenced defendant, as a second violent felony offender, to a prison term of 10½ years on the robbery conviction and a lesser concurrent sentence on the assault conviction, followed by five years of postrelease supervision. Defendant appeals.
We affirm. Initially, the People concede, and our review of the record confirms, that defendant's waiver of the right to appeal is invalid as the written waiver is overly broad and Supreme Court did not ensure that defendant understood the distinction that some appellate review survived (see People v Jones, 199 AD3d 1069, 1069-1070 [3d Dept 2021], lv denied 38 NY3d 928 [3d Dept 2022]; People v Barrales, 179 AD3d 1313, 1314-1315 [3d Dept 2020]). Nevertheless, defendant's challenges to the voluntariness of his plea and the factual sufficiency of the plea allocution are unpreserved for our review "given that he withdrew his motion to withdraw his guilty plea at sentencing and failed to move to vacate the judgment of conviction" (People v Smith, 155 AD3d 1244, 1245 [3d Dept 2017] [internal quotation marks and citation omitted]; see People v Jones, 114 AD3d 1080, 1081 [3d Dept 2014], lv denied 24 NY3d 961 [2014]). Moreover, defendant did not make any statements that were inconsistent with his guilt, negated an element of the crime or cast doubt about the voluntariness of his plea so as to trigger the narrow exception to the preservation requirement (see People v West, 210 AD3d 1194, 1195 [3d Dept 2022]; lv denied ___ NY3d ___ [Feb. 22, 2023] People v Haas, 206 AD3d 1386, 1386 [3d Dept 2022], lv denied 38 NY3d 1188 [2022]). Contrary to defendant's contention, his admission during the plea colloquy — that he was intentionally [*2]preventing a police officer from arresting him by fleeing and that the officer was injured while in the course of pursuing him — satisfied the causation element of assault in the second degree (see Penal Law § 120.05 [3]; People v Iovino, 149 AD3d 1350, 1352 [3d Dept 2017], lv denied 30 NY3d 950 [2017]; People v Cipollina, 94 AD3d 1549, 1550 [4th Dept 2012], lv denied 19 NY3d 971 [2012]; People v Chandler, 94 AD3d 1155, 1156 [3d Dept 2012], lv denied 19 NY3d 971 [2012]).
Defendant's claim of ineffective assistance of counsel — to the extent that it impacts the voluntariness of his plea — is similarly unpreserved for the lack of an appropriate postallocution motion (see People v Loya, 204 AD3d 1255, 1256 [3d Dept 2022], lv denied 38 NY3d 1072 [2022]; People v Rhodes, 203 AD3d 1316, 1318 [3d Dept 2022]). To the extent that the alleged inadequacies are premised upon matters not appearing in the record before us, such claims are more properly the subject of a CPL article 440 motion (see People v Dye, 210 AD3d 1192, 1194 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]; People v Greene, 171 AD3d 1407, 1409 [3d Dept 2019]). Finally, as to defendant's challenge to the severity of the sentence imposed on the robbery conviction, we note that the sentence is in the middle of the sentencing range for second violent felony offenders convicted of a class C violent felony (see Penal Law § 70.04 [3] [b]). Given the nature of the crime, we do not find the agreed-upon sentence "was unduly harsh or severe" (CPL 470.15 [6] [b]; see People v Carney, 207 AD3d 1000, 1001 [3d Dept 2022]) and we decline defendant's invitation to modify the sentence in the interest of justice.
Aarons, Pritzker, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.