People v Terry (2025 NY Slip Op 06926)

People v Terry

2025 NY Slip Op 06926

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

113686
[*1]The People of the State of New York, Respondent,
vShandel M. Terry, Appellant.

Calendar Date:November 18, 2025

Before:Reynolds Fitzgerald, J.P., Lynch, Ceresia, Fisher and McShan, JJ.

John A. Cirando, Syracuse, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

Reynolds Fitzgerald, J.P.
Appeal from a judgment of the County Court of Broome County (Joseph Cawley, J.), rendered July 14, 2022, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In satisfaction of a superior court information, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and agreed to waive his right to appeal, with the understanding that he would be sentenced, as a second felony offender, to a prison term capped at four years, to be followed by three years of postrelease supervision. County Court granted defendant's request that sentencing be adjourned, and his subsequent request for a weekend furlough was granted. County Court advised defendant that such release was conditioned on defendant, among other things, appearing for sentencing on the rescheduled date, otherwise the court would not be bound by the terms of the agreement and could sentence defendant up to the maximum permissible sentence of 12 years in prison. Thereafter, defendant did not appear for sentencing and, after he was returned to court on a bench warrant approximately six months later, County Court sentenced defendant, as a second felony offender, to a prison term of 10 years, to be followed by three years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, the waiver of his right to appeal is valid. The record reflects that defendant was aware that an appeal waiver was a condition of the plea agreement, and that he understood that it was separate and distinct from the rights automatically forfeited by the guilty plea. Defendant confirmed that he signed the written appeal waiver after reviewing it with counsel, who had answered his questions, and that he understood that he was waiving his appellate rights as set forth therein, which also delineated the appellate rights not encompassed by the waiver. This Court has found the identical written waiver and substantially similar oral colloquy to be valid, and we find nothing in this record to warrant a departure therefrom (see People v Lewis, 234 AD3d 1209, 1209-1210 [3d Dept 2025], lv denied 43 NY3d 1009 [2025]; People v Gonzalez, 234 AD3d 1186, 1186-1187 [3d Dept 2025]; People v Brown, 227 AD3d 1281, 1281-1282 [3d Dept 2024], lv denied 42 NY3d 969 [2024]). Given the valid appeal waiver, as well as defendant being informed of the potential consequences of violating the plea and furlough conditions, defendant's challenge to the perceived severity of the enhanced sentence imposed is foreclosed (see People v Sutton, 237 AD3d 1317, 1318 [3d Dept 2025]; People v Middlemiss, 236 AD3d 1198, 1199 [3d Dept 2025]; People v Gonzalez, 234 AD3d at 1187).
Defendant also asserts that his plea was not knowing, voluntary and intelligent. Although not precluded by the valid appeal waiver, defendant's challenge to the voluntariness of his plea is unpreserved for our review inasmuch as defendant did not make [*2]an appropriate postallocution motion and, notwithstanding defendant's contention to the contrary, the record does not establish that the narrow exception to the preservation requirement is applicable here (see People v Byrd, 239 AD3d 1146, 1147 [3d Dept 2025]; People v Harrigan, 239 AD3d 1153, 1154-1155 [3d Dept 2025]). In any event, were we to review his contention, we would find it to be without merit as defendant "was not required to recite the elements of his crime or engage in a factual exposition, as his affirmative and unequivocal responses to the inquiries posed to him were sufficient" to establish not only his guilt but also that he understood the nature and consequences of the plea (People v Ridge, 201 AD3d 1205, 1207 [3d Dept 2022] [internal quotation marks, ellipsis, brackets and citations omitted], lv denied 38 NY3d 1153 [2022]; accord People v McNeil, 210 AD3d 1200, 1201-1202 [3d Dept 2022]).
Lynch, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.